GARDNER *et ux.* v. WESTON *et al.*

1. Title: WEIGHT OF EVIDENCE. When a party seeks to disturb the title of another holding under an absolute deed, even for the purpose of showing it to be a trust or mortgage, he must do so by evidence rendering it clear and satisfactory.

*Appeal from Pottawattamie District Court.*

MONDAY, JUNE 12.

THIS is a suit in equity, to cancel a deed made by the plaintiffs to defendant, Samuel Weston, for certain lands, a part of which had been conveyed by Samuel to James Weston.

The plaintiffs' petition was dismissed absolutely; and from the judgment of dismissal, the plaintiffs appeal.

*A. V. Larimer* for the appellants.

*Samuel Clinton* for the appellees.

COLE, J. —The plaintiffs claim, in substance, that in May, 1850, the plaintiff, James Gardner, settled upon,
1. TITLE: improved, and afterwards, in 1853, preëmpted a
weight of
evidence. quarter section of land in Pottawattamie county; that the defendant, Samuel Weston, was living upon and cultivating a part of said quarter section at the time the plaintiff moved thereon; that said defendant had no design of preëmpting any portion of said land, but was there temporarily only; that in 1853 the said plaintiff proved up his preëmption, and on the first of September, 1854, procured a patent therefor; that said Weston wanted pay for his improvements, but plaintiff, not being able to agree with him as to their value, at Weston's request permitted him to remain upon the premises and use them; that, after the preëmption by plaintiff, Weston professed to have made a sale of the land included in his settlement claim at five

hundred dollars, and proposed to plaintiff to convey the land to him, and he would convey it to his vendee, and receive the purchase-money, of which he would retain one hundred dollars for his improvements, and pay over the balance to plaintiffs, to which the plaintiffs acceded, and conveyed the land accordingly. The deed was dated April 24, 1854, and recited the consideration of fifty-one dollars. The petition, which was filed in July, 1862, then alleges that, after Weston thus obtained the conveyance, he failed to sell, and kept the deed, claimed the title to, and remained in possession of the land. The plaintiffs ask that the deed may be delivered up and canceled, and for general relief, &c.

The defendants claim that Samuel Weston was on the land for the purpose of preëmption; but that, since both claims only made a quarter section, it could be proved up under one preëmption with less trouble and expense, and, therefore, by agreement, the whole was preëmpted and entered by James Gardner; that Weston furnished his due proportion of the entrance price at the time of entry, and the deed was afterwards made to him by Gardner, pursuant to the agreement and according to their claim line.

The plaintiffs, Gardner and wife, introduce themselves as witnesses, and testify to the matter as stated in their petition. Weston also takes his own testimony, and fully sustains thereby the allegations upon which he bases his claim. In addition to this, each party succeeds, to a greater or less extent, in producing testimony of declarations or admissions made by the other party, corroborative of their respective testimony.

So far as the case rests upon the testimony of the parties, and the corroborating testimony of the adverse party, it is very equally balanced. In such case, the plaintiff, being required to establish his case by a preponderance of evidence, must fail.

Gardner v. Weston.

But there are certain facts shown in the case about which there is no conflict, and which give a clear preponderance to the defense. The deed was made shortly after the entry of the land under the preëmption, and for a consideration about equal to the entrance price. The defendant continued in possession of it for more than eight years after the making of the deed, and before this suit was brought. The defendant, with plaintiff's knowledge, made improvements every year, by breaking prairie or erecting houses, stables or fences. The person to whom the plaintiffs allege that defendant said he had sold the lands at the time he wanted the conveyance, was present at the making of the deed by plaintiff to defendant. If such person was going to purchase, why was not the deed made directly to him, without the necessity of two deeds and the expenses attending them?

Again, the claim of the plaintiffs is based upon a course of conduct very unnatural and most unusual, and hence improbable; while the claim, as made by defendants, is based upon a course of conduct of frequent occurrence, as shown by reports of cases in this court, and quite natural and reasonable. Testimony offered in support of alleged transactions, in accordance with the ordinary course of business, may be entirely satisfactory, while the same character of testimony in support of alleged facts, at variance with the experience of men, and wanting in any probable motive, would be rejected as unsatisfactory if not unworthy of credit.

In addition to these considerations, the application of the general rule, that where a party seeks to disturb the title of another holding under an absolute deed, even for the purpose of showing it to be a trust or mortgage, he must do so by evidence rendering it clear and satisfactory, would compel us to hold, as we do, without any doubt, that the judgment in this case must be        Affirmed.