## THOMAS HOPPER *v.* W. HENRY JONES.

ABSOLUTE DEED GIVEN AS A MORTGAGE.—A clear case ought to be made to justify a jury or a Court in finding upon parol testimony that a deed absolute on its face is a mortgage.

PAROL TESTIMONY.—Parol testimony is admissible to show that a deed absolute on its face is a mortgage.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

Plaintiff recovered judgment, and defendant appealed.
The other facts are stated in the opinion of the Court.

*W. Henry Jones,* in *pro per.,* for Appellant.

*George Pearce,* for Respondent.

By the Court, SAWYER, J.

This is an action to recover lands in Petaluma. The plaintiff relies on a conveyance from defendant. And the defendant sets up that although absolute upon its face, the deed of conveyance was intended to be a mortgage to secure money due from defendant to plaintiff. Upon this point the evidence was conflicting, the plaintiff testifying one way, and the defendant the other, and the testimony of the other witnesses is not absolutely inconsistent with either. The question was fairly submitted to the jury, and determined against the appellant. The evidence being conflicting, we cannot, under the rule established by former decisions, disturb the verdict. Besides, if it were submitted to us as an original question, we are not sure that we should not feel called upon to render a similar verdict. A clear case ought to be made to justify a jury or Court in finding upon parol testimony a deed absolute upon its face to be a mortgage.

The parol testimony, tending to show that the deed was designed to be a mortgage, was properly admitted; otherwise section two hundred sixty of the Practice Act would be nugatory. We have in this State but one rule of evidence, which is applicable alike to all cases, whether at law or in equity. (*Cunningham* v. *Hawkins*, 27 Cal. 606.)

Judgment affirmed.