## A. B. RAYNOR v. WM. H. LYONS, HOLMES C. PATRICK, AND J. M. CONLEY

ABSOLUTE DEED AS SECURITY FOR DEBT.—A deed or an assignment of an interest in land, absolute on its face, may be shown by parol testimony to have been intended as a security for the payment of a debt.

MONEY HELD IN TRUST.—If A. makes an absolute deed of his land to B., with the understanding between him and B. and C. that B. is to sell the land and use the proceeds to pay the debt of A. to C., C. can compel B. to account to him and pay over the proceeds.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The defendant Lyons appealed.

The other facts are stated in the opinion of the Court.

*J. H. Budd*, and *G. T. Martin*, for Appellant.

*L. T. Carr*, for Respondent.


By the Court, SANDERSON, J. :

The case shows that in May, 1863, the defendants, Patrick and Conley, executed and delivered to the plaintiff and one Patterson their promissory note for the sum of nine hundred and twenty-one dollars and seventy-five cents, payable at six months, with interest at two per cent per month.   That, for the purpose of securing the payment of the note, it was agreed between the plaintiff and Patterson upon the one side, and the defendants Patrick and Conley upon the other, the defendant Lyons consenting and accepting, that Patrick and Conley should assign to Lyons certain certificates of purchase of school lands from the State of California, then owned and held by them, to be sold by Lyons, and the proceeds, so far as required, to be applied by him in paying the note in question.   The certificates were accordingly assigned, by writing, under seal, and the assignment duly acknowledged as a conveyance.   The assignment, however, was absolute upon its face—nothing whatever being said as to the object and purpose of the assignment—and there was no other writing setting forth the object of the assignment.

That defendant Lyons received and afterwards sold the certificates for the aggregate sum of two thousand one hundred and sixty dollars, which was subject to certain deductions for moneys paid on account of taxes, and as interest on the certificates, and for his services in the premises.   That the plaintiff, who had, in the meantime, become sole owner and holder of the note, requested Lyons to apply the funds in his hands to the payment of the note, which Lyons refused to do.

Upon this state of facts the Court below decreed Lyons to account with and pay over to the plaintiff the funds received by him from the sale of the certificates, less his advances and a reasonable compensation for his services.

The appellant, Lyons, assumes that the transaction in question was in relation to *lands*, and then claims that it falls within the sixth section of the Statute of Frauds, which declares that no estate or interest in lands, nor any trust or power over or concerning lands, shall be granted or declared unless by operation of law, or by deed or conveyance in writing. Assuming the assignment of the certificates of purchase to be a transaction in relation to "lands," within the meaning of the Statute of Frauds, the point made by counsel, in view of that assumption, has been so often overruled by this Court that we do not feel called upon to renew its discussion. It is the settled doctrine of this Court that a deed or an assignment, absolute upon its face, may be shown by parol testimony to have been intended as a mortgage, or as security for the payment of a debt. (*Pierce* v. *Robinson*, 18 Cal. 116; *Johnson* v. *Sherman*, 15 Cal. 287; *Cunningham* v. *Hawkins*, 27 Cal. 603; *Hopper* v. *Jones*, 29 Cal. 18; *Gay* v. *Hamilton*, 33 Cal. 686; *Jackson* v. *Lodge*, 36 Cal. 28

Judgment affirmed and remittitur directed to issue forthwith.