Shepard v. Pratt.

## SHEPARD v. PRATT et al.

1. **Conveyance:** TRUST: ONUS. Where a person claims that one holding the title to real estate under an absolute conveyance, holds it in trust for another, the onus is upon him to establish the trust by evidence of a clear and satisfactory character.

2. **Estoppel:** ALLEGATIONS IN PLEADINGS. A statement in a pleading in a former action, which was dismissed, will not operate as an estoppel against its denial by the party, but merely as an admission on his part which is open to explanation; as that the averment was unadvisedly, and without warrant in the facts disclosed to him, inserted by the attorney who drew the pleading.

3. **Fraudulent conveyance:** HUSBAND AND WIFE: TRUST. Where a husband who is entirely solvent, without any fraudulent intent, directs his vendor of real estate to execute the conveyance to his wife, and this is done by the vendor with full knowledge of all the facts, the conveyance will not be regarded as fraudulent or as a trust, and the lands conveyed subject on that ground to a claim of the vendor or his assigns against the husband for the purchase-money.

4. ——VENDOR'S LIEN. And it *seems* that the land, the title to which she is thus invested with, cannot in such case be subjected in her hands to a lien of the vendor for the purchase-money due from her husband.

*Appeal from Black Hawk District Court.*

FRIDAY, JUNE 28.

ACTION in chancery to subject certain lands, the legal title of which is in defendant, Clarissa A. Brainard, to a judg-

ment recovered by defendant George R. Pratt, against defendant S. R. Brainard. A decree was rendered in favor of plaintiff. S. R. and Clarissa Brainard appeal. The facts of the case will be found in the opinion.

*I. M. & J. H. Preston* for the appellants.

*Boies, Allen & Couch* for the appellee.

BECK, J.—In October, 1857, defendant Pratt conveyed certain lands in Black Hawk county to Clarissa A. Brainard. In payment for these lands he received from Clarissa, in money and property, which she held in her own right, about $350, and a conveyance from her husband and co-defendant in this suit, S. A. Brainard, for a tract of land in Floyd county. The title to the Floyd county lands failed and Pratt brought suit against S. A. and Clarissa A. Brainard upon the covenants of warranty in the deed to him for the land. Judgment was finally rendered in October, 1861, against S. A. Brainard, in the action for $1,240. No recovery was had against Clarissa.

1. CONVEY-ANCE: trust: onus.

In June, 1862, plaintiff, who was then the wife of defendant Pratt, by a proper decree was divorced from her husband, and the judgment before rendered against Brainard was awarded to her as alimony. The object of this action is to subject the lands conveyed by Pratt to Clarissa to this judgment. The relief is claimed on the grounds that the conveyance was made to her without consideration, and that plaintiff, as the assignee by virtue of the decree awarding the judgment to her, has a vendor's lien upon the land for the purchase-money thereof, which is sought to be enforced in this action. Other facts involving the effect of a garnishment process against Brainard, based upon his indebtedness upon the judgment, the liens of the attorneys who procured the judgment, and other matters,

have prominence in the discussion of counsel, but in the view we take of the case are entirely unimportant and will not therefore be noticed.

Plaintiff bases her right to the relief sought in this action upon the theory that the land in question was paid for by S. A. Brainard, and the conveyance to his wife was without consideration; whereby she holds the land in trust for him, the transaction being a colorable one to protect his property.   This is the true theory of plaintiff's case, though it is not presented precisely in this form.   It is not claimed and cannot be, if the land was conveyed to Clarissa in good faith, she paying, or causing to be paid out of her own property, the price thereof, that it can be made subject to plaintiff's judgment; while, on the other hand, we may admit that if her husband actually paid for the land, or paid a part of the price, the balance being paid out of the separate property of the wife, it may be charged upon the judgment, at least, to the extent of the amount paid by the husband, or, according to the view taken by the district court, may be sold upon the judgment, the wife to be first re-imbursed for the amount she paid upon the land.

Assuming that there can be no question, that, if the land was conveyed to her in good faith and the consideration therefor was paid by her, it cannot be sold upon the judgment against her husband, we will proceed briefly to an examination of the case.

The defendant Clarissa holds the legal title to the lands in question by a deed fair and absolute on its face. She is an absolute owner of the real estate therein conveyed, so far as appears by that instrument.   The plaintiff attacks this title and seeks in this case to establish a trust. The burden of proof is upon her and she must, if successful, establish her claim by legal proof.   In such a case the law demands clear and satisfactory evidence.   *Gardner et ux.* v. *Weston et al.*, 18 Iowa, 533; *Parker* v. *Pierce*,

16 id. 227; *Cooper* v. *Skeel et al.*, 14 id. 578; *Corbit* v. *Smith*, 7 id. 60; *Noel* v. *Noel*, 1 id. 423.

In our opinion the evidence introduced to overthrow Clarissa's title falls far short of being satisfactory and is entirely insufficient. The only evidence upon this point which, in our opinion, tends to prove the existence of the trust, is found in the fact that, in an answer to a petition filed by Pratt, wherein he sought relief, on account of the failure of the title to the Floyd county lands, by praying that his deed for the Black Hawk county lands be annulled and the title conveyed thereby be canceled, Clarissa and her husband aver that the land was conveyed to Clarissa as security for a part of the purchase price thereof paid by her. This answer was signed and filed by an attorney and was not sworn to; the action was finally withdrawn without being brought to trial. The most that can be made of this allegation in the answer is to regard it as an admission. But it cannot be claimed that it operates as an estoppel — an admission that cannot be denied. It is accompanied by no facts and circumstances that require it to be so regarded. It was not acted upon by the court in which it was filed, nor have we any proof that it was the foundation of any act of Pratt or any other person. In short, it possesses no characteristic of an estoppel. Considered merely as an admission it is, as all other acts or admissions, capable of explanation.

*2. ESTOPPEL: allegations in pleadings.*

The evidence shows that the answer was drawn by the attorney of the defendants, without instruction from them to insert therein the allegation in question. No statement was made by them to the attorney, authorizing the allegation to be made, or upon which it could have been based. It was discovered by them before the action was dismissed, and they instructed their attorney to correct the mistake by an amended answer. It was not, however, done, as the petition was soon after withdrawn by the plaintiff. The matter stated in the allegation is denied by defendants in

their evidence in this suit. Their attorney, who prepared the answer, gives evidence of the circumstances under which it was drawn and filed, and states that he was required by his clients to correct the statement in question. We think the force and effect of this admission is destroyed by the evidence in explanation thereof.

There are certain alleged contradictions and discrepancies in the evidence of defendants which are relied upon by plaintiff. They are of but little importance, and do not serve to establish the main fact upon which plaintiff relies to recover. We will give them no further notice.

Much importance is attached by plaintiff to the alleged fact that the land in question was paid for in part by the 3. FRAUDULENT husband, and, upon his request, was conveyed CONVEYANCE: husband and to his wife. The weight of evidence shows wife: trust. that about $350 was paid by the wife to Pratt, and that her husband had received from her a large amount of money which she held in her own right, inheriting it from her father's estate, and the deed for the land was made to her in satisfaction of this claim upon her husband. This last fact, however, it is insisted, is not sufficiently proved. It may be admitted that the evidence fails to establish it, and yet we do not consider that the case must therefore be determined differently. There is an entire absence of evidence to show that there was any purpose on the part of the defendants of a fraudulent character, in causing the deed to be made to the wife. It is not shown that the husband was indebted at the time. Pratt was fully advised of the arrangements by which the land was conveyed to the wife, and the reasons moving thereto. It is not shown that the husband is, or has been at any time insolvent. The only evidence on this point shows that he is now possessed of property of greater value than the amount of the judgment which plaintiff is attempting to enforce. At all events, the proof gives no ground for presumption that, at the time of the convey-

ance, the husband was at all indebted, or was not entirely solvent. Under these circumstances, a conveyance of land to his wife made by him, or procured by him, he paying the purchase-money, will not be fraudulent. *Lyman* v. *Cessford*, 15 Iowa, 229. Under all of the facts of the case, and there are those which we have not referred to, that have weight to some extent in supporting this view, we do not think the conveyance by Pratt to Clarissa was fraudulent; certainly not as to Pratt himself, who, we are quite well satisfied, fully understood the motives and object of the parties in causing the deed to be made to Clarissa, and assented thereto. Plaintiff, being the assignee of Pratt, stands in his place, and can claim no other or higher rights and equities in the land than he could.

In order to be somewhat more explicit, and to meet the arguments made by plaintiff in support of her claim, we will present another view of the case. Admit 4.——vendor's lien. that the husband bought the land of Pratt and became indebted to him for the purchase-money with Pratt's consent and with his full knowledge of the arrangement under which the deed for the land was made to the wife. The husband is not shown to be insolvent, and no fraudulent design of the parties is established, nor is there any evidence to show that the wife became bound for the purchase-money agreed to be paid to Pratt for the land. Under these circumstances, would Pratt be entitled to the lien of a vendor upon the land to secure the purchase-money? We think not. Under these circumstances the husband became the debtor of Pratt, who looked alone to him for payment, and as the land was sold upon his credit and not upon the wife's, the land ought not to be held in his hands subject to the purchase-money. This is the case made by plaintiff, except that the husband's indebtedness arises upon a breach of the covenants in the deed for the land conveyed by him in part payment for the real

estate in controversy. We think this difference really makes a stronger case for defendants. The land in dispute was paid for by the conveyance of the Floyd county lands. The liability of the husband upon that deed cannot, in strictness, be said to be an indebtedness for the land bought of Pratt. It is an indebtedness originating subsequent to the purchase of the land and having a different source. We may admit that these views are not without doubt, yet our conclusion becomes incontestible when we consider another fact sufficiently established by the evidence. It is this: The husband caused the land in question to be deeded to his wife in consideration of a large sum of money which he had received from her, being a part of her father's estate. This was well known, understood and assented to by Pratt at the time of the transaction. The wife has then paid for the land, and it must be held free from any lien by Pratt.

Plaintiff insists that the evidence upon this point shows that if such an arrangement was made it was after the land was deeded to the wife. It is very clear that such an arrangement *was* made, and we are satisfied, from the evidence, that it was entered into at or before the transaction, and well understood by Pratt as well as the husband and wife.

These conclusions render it unnecessary to consider other questions presented in the case. Plaintiff's petition must be dismissed, and it is so ordered.

Reversed.