## KNIGHT ET AL. v. McCORD.

1. **Evidence:** TO SHOW THAT DEED IS MORTGAGE: DEGREE OF REQUIRED. Where one seeks to disturb the title of another who holds under a deed absolute upon its face, by showing that the deed is in fact a mortgage, he must do so by evidence that is clear and satisfactory.

| | |
|---|---|
| 63 | 429 |
| 80 | 160 |
| 63 | 429 |
| 87 | 169 |
| 63 | 429 |
| 132 | 75 |

*Appeal from Story Circuit Court.*

FRIDAY, APRIL 25.

ACTION to redeem forty acres of land from an alleged mortgage. The defendant holds the legal title to the land by deed from one Breezley, and denies that the plaintiffs have any interest in the same. The court dismissed the plaintiffs' petition, and they appeal.

*Parsons & Runnells* and *Dyer & Fitchpatrick*, for appellants.

*C. H. Balliet* and *F. D. Thompson*, for appellee.

ADAMS, J.—The plaintiff, Curtis Knight, formerly owned the premises, and for many years they were occupied by him and his wife, the plaintiff, Elizabeth Knight, as their homestead. In 1877 they conveyed the same by quit-claim deed to Breezley. They were owing Breezley at the time. Whether they conveyed in payment of the indebtedness, or for the purpose of security, does not clearly appear; but we do not deem it material. In 1878 Breezley, in consideration of a pair of mules delivered to him by the plaintiff, Curtis Knight, conveyed the land to defendant, McCord, to whom the plaintiff was indebted. So far the parties are agreed. As to whether the defendant took the land as purchaser or mortgagee, there is a great conflict in the evidence. We may say, also, that there is a conflict in the abstracts. As to which is correct, we have not attempted to determine, because we have reached a conclusion adverse to the plaintiffs upon their abstract alone.

Where a party seeks to disturb the title of another holding under an absolute deed, even for the purpose of showing it to be a mortgage, he must do so by evidence that is clear and satisfactory. *Gardner v. Weston*, 18 Iowa, 535. Applying this rule to the evidence, even as it is shown in the plaintiff's abstract, we are unable to say that it is clear and satisfactory to us that the deed was intended as a mortgage.

We are not accustomed, where a question of fact, resting upon a large amount of conflicting evidence, is determined, to set out the evidence. If we should attempt to do so, we could not do full justice to both parties without setting out all the evidence, and to do this would encumber the reports without serving any useful purpose.

AFFIRMED.