## ALEXANDER WINSTON v. C. P. BURNELL.

1. CONVEYANCE, *Whether a Mortgage — Correct Instruction.*   Upon an issue whether a written instrument which was in form an absolute conveyance was intended as a mortgage, an instruction was given by the court that the fact must be proved by a clear preponderance of the evidence; *held,* to be a correct rule as to the measure of proof.

2. ERRORS ASSIGNED, *When not Considered.*   Errors assigned upon a refusal to give instructions are not available where the record does not properly show that it contains all the instructions that were given.

*Error from Jewell District Court.*

THE opinion states the case.

*J. H. Mechem,* and *T. S. Kirkpatrick,* for plaintiff in error.
*C. Angevine,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action in ejectment, brought by
Alexander Winston against C. P. Burnell, to recover a quarter-
section of land situate in Jewell county.   The trial in the
district court was with a jury, at the November term, 1887,
and resulted in favor of the defendant.

The principal errors alleged by the plaintiff are based upon
rulings of the court in charging the jury and upon the suf-
ficiency of the evidence; but the condition of the record is
such as to preclude an examination of some of the most im-
portant questions presented in the plaintiff's brief.   The rec-
ord contains no recital that the copies of the pleadings found
in the case-made are those which were filed in the district
court, nor are any of the entries of the steps and proceedings
taken in the case, and which appear to be copied in the record,
properly described or identified.   Although very defective in
this respect, there is perhaps sufficient in the record, such as
copies of file-marks, the titles to the various pleadings and
orders, and the character of the subject-matter which they
contain, to indicate that they belonged to and were filed as a
part of the proceedings in the present case.   We think there
is at least sufficient in the record to resist the motion for a
dismissal of the proceeding.   We cannot, however, review the
evidence to determine whether it is sufficient to sustain the
verdict and judgment that were rendered, because the case-
made as served contains no statement that it embraces all the
testimony given on the trial.   It has been repeatedly decided
that a statement to that effect in the certificate of the judge,
which is attached to the case-made, is not sufficient. (*Eddy v.
Weaver,* 37 Kas. 540; *Railroad Co. v. Grimes,* 38 id. 241;

*Insurance Co. v. Hogue,* 41 id. 524; *Hill v. National Bank,* 42 id. 364; *Hogue v. Mackey,* ante, p. 277; same case, 24 Pac. Rep. 477.)

It appears that Burnell, who was in the possession of the land in controversy, joined with his wife in the execution of a conveyance of the same to the plaintiff. It was in the form of a warranty deed, but Burnell claimed that the conveyance was intended as a mortgage to secure an indebtedness of $1,000 due from him to the plaintiff. This is the main issue in the case, and the evidence thereon is conflicting and unsatisfactory; but in the absence of all the testimony, the approved verdict of the jury is conclusive.

Complaint is made, however, of the charge of the court in respect to the measure of proof necessary to sustain the defense of Burnell. The plaintiff asked for an instruction that parol testimony to establish that an absolute conveyance was intended as a mortgage must be positive, and so clear as to leave *no* doubt as to the intention of the parties. Instead of giving that instruction, the court charged that "the burden of proving by preponderance of the evidence that said deed was intended only to secure the payment of money rests upon the defendant; and unless he has proved this by a *clear* preponderance of the evidence, you will find for the plaintiff." A higher and more satisfactory character of proof is required to establish that an instrument or conveyance is not what it purports to be than is necessary in ordinary civil cases. · Generally, a mere preponderance is sufficient; but when parties deliberately execute a written conveyance, there is a strong presumption that it expresses their intentions, and more than a bare preponderance of parol proof is required to remove this presumption, and to show a contrary intention. Some of the courts declare that in such cases the proof must be "clear"; others that it must be "convincing"; others that it must be "satisfactory"; and still others that it must be "clear of all reasonable doubt." These expressions substantially convey the same idea and require the same degree of proof. To establish a fact by the clear preponderance of the evidence,

the proof must be clear of reasonable doubt. We think the instruction given was not erroneous. (*McMillan v. Bissell*, 63 Mich. 66; *Sloan v. Becker*, 34 Minn. 491; *Gardner v. Weston*, 18 Iowa, 535; *Knight v. McCord*, 19 N. W. Rep. 310; *Miner v. Hess*, 47 Ill. 170; *Kent v. Lasley*, 24 Wis. 654; *Iron Co. v. Iron Co.*, 107 Mass. 290; *Guernsey v. Insurance Co.*, 17 Minn. 104; *Hopper v. Jones*, 29 Cal. 18; *McClellan v. Sanford*, 26 Wis. 595; 1 Story, Eq. Jur., §157; 1 Jones, Mortg. ch. 8; see also *Gabbey v. Forgeus*, 38 Kas. 62.)

There are numerous errors assigned on the refusal of instructions requested by the plaintiff, but these are not available. The record fails to show that all the instructions given are preserved in the record, and therefore the court cannot say that those refused were not given, or that any error was committed by the refusal. See Kansas cases first above cited; also, *Wilson v. Fuller*, 9 Kas. 176; *DaLee v. Blackburn*, 11 id. 190; *Ferguson v. Graves*, 12 id. 39; *Pac. Rld. Co. v. Brown*, 14 id. 469; *Bard v. Elston*, 31 id. 274.

The objections to the ruling of the court on the admission of testimony are not material, and furnish no ground for a reversal.

The judgment of the district court will be affirmed.

All the Justices concurring.