STEGER v. IMMEN.

NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — UNGUARDED OPENINGS.

Want of care which bars plaintiff's recovery is shown by averments of a declaration that, during a visit to defendant's building, plaintiff borrowed a key of the tenant, and, finding an unlocked door in a relatively similar situation to that of a water-closet on the floor below, without any investigation, entered and fell down an open shaft.

Error to the superior court of Grand Rapids; Stuart, J. Submitted June 10, 1909. (Docket No. 61.) Decided July 6, 1909.

Case by Otto F. Steger against Loraine Immen, special administratrix of the estate of Frederick Immen, deceased, for personal injuries. A judgment sustaining a demurrer to the declaration is reviewed by plaintiff on writ of error. Affirmed.

*Dunham & Dunham*, for appellant.

*Carroll & Nichols*, for appellee.

MONTGOMERY, J. This action was brought against Frederick Immen in his lifetime, and has been revived in the name of the special administratrix. The case was disposed of on demurrer to the declaration. The demurrer, having been sustained, the plaintiff brought error. The action was to recover damages for a personal injury, alleged to have resulted from the defendant's negligence.

In brief, the declaration avers that the defendant was owner of a building in the city of Grand Rapids known as "The Loraine." It was a five-story tenement flat. From the upper story to the basement there was a shaft of about 2 feet by 2½ feet in size, in which was a dumb waiter, used for the purpose of transporting ice and other products from the basement of the building to the several floors of the block. On the third floor of this building there was, immediately adjacent to the shaft, a water-closet, which, on previous visits to the building, the plaintiff had made use of by borrowing a key from the occupant. On the fourth floor there was no such water-closet. The plaintiff avers that, on the 23d of August, he was a visitor at the rooms of one of the occupants of the block on the fourth floor, a tenant of the defendant, and that, having occasion to visit the water-closet, he borrowed the key to the closet, and without inquiry, so far as it appears, as to where the water-closet was located which this key was to fit, assumed that he would find one on the fourth floor, in the same relative position as that which he had used on the third floor. He went to the vicinity where such water-closet would be located according to his

assumption, and, finding a door, which in fact is described as about 2 feet by 6 feet 6 inches, he attempted to open the same with the key, but, discovering that the same was unlocked, he opened the door, stepped through the doorway, and fell into this shaft to the basement and received injuries. The declaration avers that the hall on the fourth floor where this shaft was located was not properly lighted:

"That it was dark; that he entered said short hall extending from the main hall on said fourth floor to the west side of said building, as he supposed that there was a water-closet in said hallway directly over the one on the third floor, and, coming to a door in the wall of said small hall, and nearly directly above the door in the water-closet in the hall below, undertook to insert the key so given him by said tenant into the lock of said door, believing it to be the door of a water-closet, and found said door unlocked and open, and in no manner fastened, and plaintiff took hold of the knob of said door, and pulled it open so he could step in, plaintiff believing that he was at the door of a water-closet, but instead thereof stepped into said open well or shaft, known and used as a dumb waiter, and in so doing fell down said fourth floor to the basement of said building, a distance of about 50 feet."

The declaration further avers that the plaintiff was in the building at the invitation of one of the tenants, who was occupying room C on said fourth floor.

The two questions which are presented are: *First*, whether the defendant owed the plaintiff any duty in the premises, or whether he is to be treated as a mere licensee; and, *second*, whether the declaration shows that the plaintiff was himself wanting in due care. We think the case should be controlled by a determination of the latter question. Assuming, for the purposes of this case, without deciding, that the plaintiff was, under these circumstances, entitled to the rights of one invited upon the premises, we are agreed in the opinion that he was himself guilty of such want of care, under the circumstances shown in this declaration, as to preclude recovery. He had no knowledge that there was in fact any water-closet on the fourth floor,

and indeed such was not the fact.  We find a case, then, where he assumed that to exist which did not exist, and groped his way in the dark, found a closet door, which he opened without taking the trouble of striking a match or making any investigation, and stepped into darkness, which resulted in his injury.

The case of *Gaffney* v. *Brown*, 150 Mass. 479 (23 N. E. 233), cited in defendant's brief, is very much in point. In that case a plaintiff, who had entered the dining room of defendant by the usual door, to which she was accustomed, who had dined at a table farther in the rear of the apartment in which she took her meals, opened a door in the side of the apartment for the purpose of retiring therefrom.  This door was not in any way indicated as a mode of egress; and, without observing whither she was going, or paying any heed to her steps, she walked directly over the threshold, and was thus precipitated down a flight of stairs leading to the cellar, to which the doorway directly led.  The court say:

" While there was no sign indicating that this door was not to be used, and that no person was to enter or depart thereby, the plaintiff must have been aware that such an apartment would probably have doors leading to closets, to upper or other apartments, or even the cellar.  She had been in the apartment before, and knew the usual egress therefrom.  If she thought it possible that the door which she opened might lead to the hall or entry, and be intended as a mode of egress, it was certainly her duty to look where she was stepping before she advanced across the threshold.  She had no right to act unreservedly, upon the belief that the door would necessarily be locked, unless intended for egress.  According to common knowledge and experience, her conduct, in this respect, was careless."

The case of *Massey* v. *Seller*, 45 Or. 267 (77 Pac. 397, 16 Am. Neg. Rep. 553), is still more strongly in point. In that case it appeared that the plaintiff, approaching the outer door of defendant's premises, observing "this dark place," as he termed it, and wanting to find a water-

closet, walked into an elevator shaft, without knowledge of its existence. He testified:

"It was a dark, desolate looking place. It was a dark corner, and I went back once before to just about such a place, and found a water-closet, * * * and I thought from the looks of it there might be a closet there. * * * I was not looking for a trapdoor to fall in, but I could see nothing."

The court say:

"If it was so dark in there that he could 'see nothing,' it was certainly an act of folly on his part to enter on a cruise of exploration and discovery without stopping to determine whether it was safe to proceed. To bolt headlong into a place little known, and where the senses cannot take note of it, is not the act of a prudent man, and there is no chance for any other inference or deduction concerning it. Reasonable minds could not come to any other conclusion touching it, so that there is nothing for the jury to determine, and the trial court very properly declared the result as a matter of law."

The case was certainly as strong for the plaintiff as is the present. In the present case there was no knowledge on the part of the plaintiff that there was a water-closet in the vicinity of this shaft. In fact there was none. His exploration was based upon the assumption that, because such a closet was to be found on the floor below, he would be likely to find one in this place. Finding himself, therefore, in the vicinity of where the assumed water-closet was supposed to be located, he opened this door in the dark, stepped into darkness, and received the injury. A clearer case of contributory negligence could not well be stated. See, also, *Bedell* v. *Berkey*, 76 Mich. 435 (43 N. W. 308, 15 Am. St. Rep. 370), and *Hutchins* v. *Sleigh Co.*, 61 Mich. 252 (28 N. W. 85).

The correct conclusion was reached by the trial court, and the judgment is affirmed.

GRANT, OSTRANDER, HOOKER, and MOORE, JJ., concurred.