# MICHAEL C. McDONOUGH v. THOMAS CAMERON.[1]

January 19, 1912.

Nos. 17,332—(193).

**Verdict sustained by evidence.**
>    In an action for personal injuries, it is *held* that the evidence supports the verdict and that no reversible errors were committed on the trial.

**Expert witness — discretion of trial court.**
>    The competency of expert witnesses and the subject-matter with reference to which they are called to testify rest largely in the sound discretion of the trial court, the exercise of which will not be disturbed by this court, except the discretion be abused to the prejudice of the complaining party.

Action in the district court for Ramsey county against defendant doing business under the name of Valley Iron Works, to recover $12,000 for personal injuries. The substance of the complaint and answer is given in the opinion. The reply was a general denial. The case was tried before Bunn, J., and a jury which returned a verdict in favor of plaintiff for $3,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, Hallam, J., he appealed. Affirmed.

*Price Wickersham,* for appellant.

*Thomas McDermott* and *James D. Denegre,* for respondent.

BROWN, J.

Action for personal injuries, in which plaintiff had a verdict, and

---

[1] Reported in 134 N. W. 118.

[Note]   Instructing minor who is of insufficient age or capacity to comprehend dangers of employment as affecting master's responsibility, see note in 8 L.R.A.(N.S.) 284.

Duty to warn minor servant of dangers of which he is already aware, see note in 29 L.R.A.(N.S.) 111.

Duty of master to adopt rules to protect servant, or to warn him, against dangers not reasonably to be apprehended, see note in 21 L.R.A.(N.S.) 89.

defendant appealed from an order denying his alternative motion for judgment or a new trial.

The short facts are as follows: Defendant was engaged in the manufacture and sale of various forms of iron and steel articles of trade, in connection with which he maintained and operated a manufacturing plant, supplied with necessary machinery and appliances, together with a derrick for lifting and moving about the place heavy articles of manufactured material. The derrick was operated by means of a lever or crank, by turning which articles attached to the derrick boom could be raised and swung or moved to the position desired. Plaintiff was a young man twenty years of age, and about two weeks prior to the injury complained of entered defendant's service as the driver of his delivery wagon. A short time after he was so employed, defendant instructed him to aid and assist the other employees about the plant when he was not otherwise engaged; and it appears that after the instructions were so given he did in various ways assist the other men whenever called upon. On the day of the accident he was called upon by some other employee to assist in the operation of the derrick.

There had been attached to the boom thereof certain steel girders weighing about sixteen hundred pounds, which were suspended above the ground a short distance. The lever or crank was attached to a small cogwheel, the cogs of which meshed into a much larger wheel, and the derrick was operated by turning this crank. A clutch or dog, so called, attached to the large wheel, worked automatically, fitting into the cogs thereof, and served as a brake, holding articles attached to the lifting gear to a given position when raised, without manipulation by the operator. With the clutch in position the crank could not fly back when the hold of the operator was released; but in lowering the same it was necessary to release the clutch by hand.

As stated, on the occasion in question, the girders attached to the derrick had been raised and were suspended above the ground. It was the purpose to lower them, and plaintiff was directed to operate the lever for that purpose. In compliance with these directions plaintiff took hold of the lever and turned it sufficiently so that he could

116 M.—31.

release the clutch. He held the lever with one hand and released the clutch with the other, and as he did so in some way lost hold of the crank, and .the weight of the girders caused the same suddenly to fly back, striking plaintiff in the face, and destroying the sight of one eye, and otherwise injuring his person.

Plaintiff brought this action to recover for the injuries so received, alleging in his complaint that they were occasioned by the negligence of defendant in failing to warn and instruct him of the dangers incident to operating the derrick in the manner stated. He also alleged that he was wholly unfamiliar with the operation of this or any other derrick, and without previous experience in respect to the same. The answer put in issue the allegations of the complaint, and further alleged that plaintiff's injuries were caused by his own contributory negligence.

At the trial two principal questions of fact arose: (1) Whether plaintiff was in the line of the duties of his employment when attempting to operate the derrick; and (2) whether defendant was negligent in not warning and instructing him of the dangers incident to that work, if he was properly so employed. The jury resolved both issues in plaintiff's favor, and the principal question on this appeal is whether the verdict is sustained by the evidence.

1. It is not disputed but that plaintiff's original employment was that of a driver of defendant's delivery wagon; but the contention of plaintiff is that he was subsequently ordered by defendant to assist the other men about the plant, when not otherwise engaged. This was expressly denied by defendant. We have carefully considered the record upon this branch of the case and find therein evidence sufficient to justify the jury in finding that the orders claimed were given plaintiff, and that he was justified in assuming that they extended to all branches of the work in connection with which he could render aid to the other men. Small v. Brainerd Lumber Co. 95 Minn. 95, 103 N. W. 726. A discussion of the evidence would serve no useful purpose. It is sufficient to say that we have read it with the result stated.

2. We have also examined the record upon the question whether

defendant was chargeable with negligence in not warning and instructing plaintiff in respect to the dangers of this work, and conclude that the question was properly submitted to the jury.

Plaintiff was a common laborer. The evidence is clear that he was without experience in the operation of machinery or of derricks of this or any other kind, and the question whether the dangers thereof were so obvious, and plaintiff of sufficient comprehension to grasp the situation with which he was confronted, and realize and appreciate the dangers of the same was peculiarly for the trial court and the jury to determine. This was the first occasion upon which he was called to operate the derrick, and there is no conclusive showing that he understood or appreciated the risks incident to the work. The question on the evidence was one of fact.

3. Plaintiff called certain experts, who, over defendant's objection, were permitted to testify that in their opinion it was unsafe and dangerous for a person without experience to undertake the operation of the derrick, the extent of experience necessary to qualify a person for that work, and of this defendant complains.

The question whether expert evidence is admissible in any particular case has come to be in this court, whatever may be the rule elsewhere, one resting largely in the discretion of the trial court. The court in this instance might perhaps without error have excluded this evidence; but from that it does not follow necessarily that it was prejudicial error to admit it. In other words, we are clear that the learned trial court did not abuse its discretion in receiving the evidence. No prejudice resulted therefrom. The rule applies, not only to the subject-matter, but to the competency of the expert. Spino v. Butler Bros. 113 Minn. 326, 129 N. W. 590; Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St. 665; Neubauer v. Northern Pacific R. Co. 60 Minn. 130, 61 N. W. 912; 1 Dunnell, Minn. Dig. § 332.

Our conclusions, therefore, are that the issues in the case were properly submitted to the jury and that the record presents no reversible error.

Order affirmed.

BUNN, J., having tried the case below, took no part.