## SARAH J. MATHEWS v. GREAT NORTHERN RAILWAY COMPANY.[1]

### July 19, 1912.

### Nos. 17,675—(199).

Contributory negligence — evidence.

On the facts in this case, stated in the opinion, it is *held* that it does not conclusively appear that plaintiff was guilty of contributory negligence.

Action in the district court for Otter Tail county to recover $11,000 for personal injuries. The answer alleged negligence on the part of plaintiff. The case was tried before Taylor, J., who, when plaintiff rested, denied defendant's motion to dismiss the action, and a jury which returned a verdict in favor of plaintiff for

[1] Reported in 137 N. W. 176.

$2,900. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*J. D. Sullivan* and *M. L. Countryman,* for appellant.

*J. W. Mason,* for respondent.

BUNN, J.

This is an action to recover for personal injuries. The trial resulted in a verdict for plaintiff, a motion by defendant for judgment notwithstanding the verdict was denied, judgment was entered on the verdict, and defendant appealed.

The facts over which there is little, if any, controversy, may be briefly stated as follows: Plaintiff, a widow of sixty-seven, was a passenger from Minneapolis to Fergus Falls on one of defendant's trains. The train arrived at Fergus Falls at four o'clock in the morning of September 12, 1910. Plaintiff went into the ladies' waiting room in the depot building. This room was at the time in darkness except for a kerosene lamp burning in the ticket office. Plaintiff had occasion to visit the toilet room, the general location of which in the room she remembered, from a visit to the waiting room about a year before in the daytime. She started to find the toilet room in the darkness, groping along the wall where she supposed it to be, and entered through a door that was partly open, but which led, not to the toilet room, but to the basement. She fell twelve feet upon a cement floor and sustained the injuries for which the action was brought.

The only question on this appeal is whether it conclusively appeared that plaintiff was guilty of contributory negligence. She knew there was a toilet room near where she was looking for it. It was pitch dark. She could see neither the sign on the door she wanted, nor anything to distinguish it from the cellar door. These facts distinguish this case from the case of Speck v. Northern Pacific Ry. Co. 108 Minn. 435, 122 N. W. 497, 24 L.R.A. (N.S.) 249, 17 An. Cas. 460. In that case it was daylight, and the plaintiff, had she looked, could have seen that she was not entering the door of the waiting room, which was plainly marked, and could have seen that the door she opened led to the basement.

As said in the Speck case, it is impossible to formulate a universal rule. Each case, in a measure, must be determined by itself, in view of its own particular circumstances. The inquiry is, of course, whether plaintiff acted as a woman of ordinary prudence would have acted under similar circumstances. There is force in the argument that plaintiff had no right to take it for granted that there was no other door leading from the waiting room, and that, in view of the darkness, it was not due care to step through a doorway without some investigation to discover where it led to. But, on the other hand, it does not seem to us that reasonable minds could not well reach different conclusions as to whether she was in the exercise of ordinary care. Plaintiff had some right to presume that the premises were in a reasonably safe condition, and that no unguarded trap existed in the room. We cannot say as a matter of law that she was careless, either in groping in the dark for the door she wanted, or in supposing that she had found it. The question was one for the jury to determine. The case of Steger v. Immen, 157 Mich. 494, 122 N. W. 104, 24 L.R.A.(N.S.) 246, is different in its facts, and not in point.

Judgment affirmed.