# C. C. EMERSON v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

December 20, 1912.

Nos. 17,783—(112).

**Duty of carrier — evidence of negligence.**

A particular shipment of a car of potatoes over defendant's road imposed upon defendant the duty to inform plaintiff of the refusal of a prospective purchaser to accept the same within 48 hours. The evidence is *held* to justify the conclusion that the purchaser refused to accept the consignment, and that defendant negligently failed to notify plaintiff thereof.

**Admission of opinion evidence.**

The opinion of an expert of the value of a partly frozen carload of potatoes *held* properly admitted in evidence. The rule that the admission of such evidence is discretionary with the trial court followed and applied. McDonough v. Cameron, 116 Minn. 480.

Action in the district court for Ramsey county to recover $67 upon the second cause of action and $274 upon the fourth cause of action. The facts are stated in the opinion. The case was tried before Dickson, J., who directed a verdict in favor of plaintiff for $341. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Morlon Barrows* and *Arthur A. Stewart,* for appellant.

*Walter L. Chapin,* for respondent.

Brown, J.

The complaint in this action contained four separate causes of action, only two of which, the second and fourth, survived the trial below, upon which the court directed a verdict for plaintiff. Defendant appealed from an order denying a new trial.

The short facts are as follows: In respect to the second cause of action it appears that on February 19, 1910, plaintiff delivered to defendant a carload of potatoes consigned to himself at Kansas City, Missouri, to be by defendant transported to that place. The

[1] Reported in 138 N. W. 1026.

usual bill of lading was issued and delivered to plaintiff, which, together with the draft for the price of the potatoes drawn upon Woodson Bonded Brokerage Company, to whom the potatoes were to be sold, was transmitted to a bank at Kansas City for collection. Defendant was instructed to notify that company of the arrival of the potatoes. We understand from appellant's brief that this method of the shipment of merchandise is quite common, and that the practice is for the railroad company to notify the intending purchaser of the arrival of the car, and to notify the consignee of his failure, within 48 hours, to take and remove the property. The shipment in question reached its destination some time about February 23 or 24, and the Woodson Company was duly notified of the arrival. That company, however, failed to take up the draft, and refused to accept the shipment, of which refusal it is claimed defendant failed to notify plaintiff. The potatoes remained in the car at Kansas City until March 18, when they were sold by plaintiff at a loss.

The only question raised on this appeal is whether the evidence is sufficient to justify a finding that the Woodson Company refused to accept the potatoes, thereby imposing upon defendant the duty to so notify plaintiff. There is no dispute about any of the facts, or the rights, duties, and liabilities of the parties under the contract of the shipment. Our examination of the record discloses sufficient evidence from which the court was justified in deciding the question in plaintiff's favor. The custom, evidence of which was offered by plaintiff, required defendant to notify plaintiff of the nonacceptance of the shipment, if not taken within 48 hours. The potatoes were not taken within that time, or at all. The car remained upon defendant's side track at Kansas City until March 18, or about three weeks, and no notice of nonacceptance was given plaintiff.

The fourth cause of action involved a car of potatoes shipped over defendant's line from this state to Clarinda, Iowa. The car reached its destination in due season, and it is conceded that the potatoes were frozen and damaged because of the negligence of defendant in not properly caring for them after their arrival at Clarinda. The extent of this damage was the only question litigated below. Defendant offered no evidence upon the question. The potatoes were in sacks,

and plaintiff's evidence tended to show that by reason of the fact that the car was left exposed in the railroad yard during severe weather, 10 degrees below zero, at least one-third of them were frozen solid. Plaintiff's witness, a dealer of long experience and familiar with the subject, was permitted as an expert to testify over defendant's objection that the entire lot of potatoes was worthless. It is contended that in this the court erred. Whether this contention is sound presents the sole question upon this branch of the case.

The admission of evidence of this character rests in the sound discretion of the trial court, in the exercise of which in the case at bar we discover no error. McDonough v. Cameron, 116 Minn. 480, 134 N. W. 118. Plaintiff, upon finding the potatoes in the condition stated, abandoned them. What defendant did with them the record fails to disclose. Defendant offered no evidence.

Order affirmed.