# ALBERTINA FALK v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

## May 12, 1916.

## Nos. 19,625—(55).

**Negligence — question for jury — evidence — verdict not excessive.**

The plaintiff's intestate was found dead in the basement of the defendant's depot a few minutes after the arrival of the train upon which he was a passenger. It is *held*:

(1) That the evidence justified a finding that the deceased fell down the stairway leading from the station platform to the basement and that the fall caused his death; and that it did not conclusively appear that his death came from natural causes.

(2) That the court did not err in refusing to charge the jury that the evidence did not justify a finding of negligence in respect of the lighting of the depot platform, a failure to light not being a charge of negligence in the complaint, and the case not being tried nor submitted to the jury upon such ground of negligence.

(3) That it did not conclusively appear that a chain used to guard the door leading to the basement was in place at the time of the accident.

(4) That whether the defendant was negligent in failing properly to guard the basement door was for the jury.

(5) That it did not conclusively appear that the decedent was negligent.

(6) That it was not error to refuse to receive in evidence a letter written by a daughter of the deceased to a fraternal order containing an admission as to the support given by the deceased in view of the charge of the court that no damages could be awarded upon the theory that the daughter would receive a benefit from the continuance in life of her father.

(7) That when the relation between the deceased and beneficiary is such that the beneficiary has a legal right to support there is a presumption of loss from the death of the decedent; and when the bene-

[1]Reported in 157 N. W. 904.

Note.—On the measure of damages recoverable for negligent killing of husband see note in 17 L.R.A. 76.

ficiary is the widow the recovery is not as a matter of law limited to nominal damages, though the deceased had failed to furnish support for a number of years; and the verdict returned is *held* not excessive.

Action in the district court for Lyon county by the administratrix of the estate of George Falk, deceased, to recover $7,500 for the death of her intestate. The case was tried before Olsen, J., and a jury which returned a verdict for $700. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Gislason & Gislason* and *James H. Hall,* for respondent.

DIBELL, C.

Action to recover damages for the death of the plaintiff's intestate. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. On February 11, 1914, the decedent took passage from Minneota to Tracy on the defendant's road. On his arrival he alighted on the north side of the depot and passed to the south side. From the south side a door led to the basement. A few minutes after the arrival of the train he was found on the basement floor at the foot of the stairway dead. The theory of the plaintiff is that he mistook the basement door for an entrance to the depot and fell down the stairway and was killed. The theory of the defendant is that he wandered into the basement, perhaps seeking a warm place for the night, and died from natural causes. No autopsy was had. Several physicians were of the opinion that his death resulted from natural causes. Upon the meager evidence produced the cause of his death was for the jury.

2. On the south side of the depot there were six electric lights, one over each door. They were burning at the time of the accident. The waiting rooms and the ticket office were lighted. The complaint does not charge negligence in respect of lighting the depot platform, nor was the case tried upon the theory that there was such negligence, nor was it submitted to the jury upon such theory. The court refused to charge the jury that the evidence was insufficient to prove negligence in failing to have sufficient lights. We are unable to say that there was

error in this refusal. Negligence in respect of lighting the platform was not made an issue by the pleadings nor in the evidence. It was proper to show how the premises were lighted as a condition obtaining at the time, just as it is usually proper to show that at the time of an accident it is light or dark or clear or cloudy. It might have been well to tell the jury that there was no evidence establishing negligence in respect of the lights for the purpose of eliminating the possibility of the trial of a false issue; but the record does not suggest that there was error in refusing the requested instruction.

3. A chain was customarily across the basement door. It was fastened to the casing on either side some three and a half feet above the threshold and looped down, some six inches. The court refused the defendant's request to charge that this chain was in place at the time of the accident. The night baggageman, who was the first one who noticed the decedent in the basement, says that he closed the door and that the chain was then in place. He went into the station and got two others to help him and when they returned the chain was in place according to their testimony. There is no direct testimony to contradict the testimony of the baggageman. The jury may have concluded that the decedent got into the basement by falling down the stairway and that it was substantially impossible for him to fall down with the chain in place. They were not bound to find that the chain was in place. It was natural enough that the baggageman should be excited or confused when he noticed the decedent's body, and his recollection at the time of the trial, a year and four months after the accident, may not have been accurate; but whatever the explanation the court did not err in refusing the charge requested.

4. The door opened inward directly over the stairway, except for the width of the threshold or step. The outside knob was broken off the door and the catch did not work. Formerly an iron bar had been placed across the door, but it had become loosened at one end and the bar was hanging down and was of no service. Nothing but its binding against the casing kept the door in place when closed. In Speck v. Northern Pac. Ry. Co., 108 Minn. 435, 122 N. W. 497, 24 L.R.A.(N.S) 249, 17 Ann. Cas. 460, where a recovery was denied upon the ground of contributory negligence, the court, in reviewing the cases and in considering

the sufficiency of proof of negligence and contributory negligence, said: "It is evident that no universal rule has been laid down by the decisions. In the nature of things such a rule would be almost impossible of correct formulation. In a measure each case must be determined by itself, in view of its own particular circumstances." In a number of cases having a sufficient similarity to be useful, the question of the defendant's negligence has been held for the jury. Foren v. Rodick, 90 Me. 276, 38 Atl. 175 (plaintiff, mistaking a door leading to a cellar for the door which was the entrance to the building, opened it and fell to the bottom); Hayward v. Merrill, 94 Ill. 349, 34 Am. Rep. 229 (plaintiff, a guest at a hotel, mistook a door leading to an elevator opening for the door of his room); Gordon v. Cummings, 152 Mass. 513, 25 N. E. 978, 9 L. R. A. 640, 23 Am. St. 846 (mail carrier stepped into elevator opening, not closed or protected by the usual chain, mistaking it for the entrance to the building); Clopp v. Mear, 134 Pa. St. 203, 19 Atl. 504, (plaintiff, intending to enter defendant's store, opened the wrong door and fell through hatchway, the two entrance doors being similar in appearance). The facts in Swanson v. Boutell, 95 Minn. 138, 103 N. W. 886, and Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043, where it was held that no negligence was shown, are so different that they are of no useful application. There are cases not in harmony with a holding that the jury could find negligence in the defendant; but we are of the opinion that the question of negligence was for the jury.

5. The defendant contends that it conclusively appears that the decedent was guilty of contributory negligence. The accident happened about half-past one in the morning. The basement door was the third from the west end of the depot. The other two were waiting rooms. The doors were apparently of the same size, but the waiting room doors had three stone steps leading up from the platform. The basement door opened directly from the platform. From the photograph in evidence it appears that the words "Keep out" were on the basement door. It is to be remembered that the accident happened in the early morning and not in daylight. In the case of death resulting from negligence, the natural instinct of self preservation affords a presumption that the deceased was free of contributory negligence. Gilbert v. City of Tracy, 115 Minn. 443, 132 N. W. 752; Knudson v. Great

Northern Ry. Co. 114 Minn. 244, 130 N. W. 994; Lewis v. Chicago, St. P. M. & O. Ry. Co. 111 Minn. 509, 127 N. W. 180. In the case first cited Chief Justice Start said: "Where a person is killed by the negligence of another, a very strong presumption arises that the deceased exercised due care to save himself from personal injury or death. The presumption is based upon a law of nature, the universal and insistent instinct of self-preservation. The presumption, however, must yield to clear proof of his contributory negligence; but the question is always one of fact for the jury, unless the undisputed evidence so conclusively and unmistakenly rebuts the presumption that honest and fair-minded men could not reasonably draw different conclusions therefrom." The case of Speck v. Northern Pac. Ry. Co. 108 Minn. 435, 122 N. W. 497, 24 L.R.A.(N.S.) 249, 17 Ann. Cas. 460, where contributory negligence was held to bar recovery, and the case of Mathews v. Great Northern Ry. Co. 119 Minn. 49, 137 N. W. 176, where it was held that contributory negligence did not appear as a matter of law, are so distinguishable in their facts that they are of little illustrative value. The cases cited in the preceding paragraph bear upon the contributory negligence of an injured party as well as upon the negligence of a defendant. A number of cases are collected in a note to Steger v. Immen, 157 Mich. 494, 122 N. W. 104, in 24 L.R.A.(N.S.) 246. Some of them support the view we take and some are adverse to it. We are of the opinion that the question of contributory negligence was for the jury.

6. The defendant offered in evidence a letter written by the daughter of the deceased to the Yeomen, stating that the deceased had left his family many years before, that they had not known of his whereabouts, and that he had not given them support, and inquired relative to his insurance. The court refused to receive it in evidence. The daughter was not a witness. Conceding that this letter was admissible as an admission on her part, no error was committed in view of the instruction given at the request of the defendant that there was no evidence justifying a finding that the daughter would profit pecuniarily by the continuance in life of her father.

7. The verdict was for $700. It is claimed that no more than nominal damages should have been awarded and that the verdict is excessive.

The widow had a legal right to support from her husband. The continuance of his life was presumptively of pecuniary value to her. Youngquist v. Minneapolis St. Ry. Co. 102 Minn. 501, 114 N. W. 259. This presumption was not conclusively rebutted. The deceased left his family 20 years ago. For the last seven years of his absence they did not hear from him and he had not given them support. The widow claims that prior to that he furnished her money and gave her support. Her testimony is far from frank and is entirely indefinite. Two or three years before his death the deceased took out insurance in the name of a nephew. See Wising v. Brotherhood of American Yeomen, 132 Minn. 303, 156 N. W. 247. It seems that his obligation to support his wife rested lightly upon him and that the likelihood of his resuming the burden was not great. There was, however, a legal liability which she might enforce to the extent of his ability to respond. He was addicted to the use of intoxicating liquor. He was 53 years old, a tailor by trade, apparently a capable workman when sober, and when working received good wages; but because of his unfortunate habit his employment was only casual. We are unable to hold that only nominal damages could be recovered. If a jury had returned a verdict of nominal damages, or for a sum very much smaller than the amount of the verdict, the plaintiff could not complain. The question was one for the jury and it is not for us.

Order affirmed.