# JOHANNA NOE v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 16, 1926.

No. 25,404.

**Error in receiving expert testimony was harmless.**

1. The competency of an expert witness is addressed to the sound discretion of the trial court.

Expert testimony is admissible when the subject-matter of inquiry lies outside the range of common knowledge.

Upon the facts stated in the opinion expert testimony was improperly received but the error was harmless.

**Verdict for $14,000 not excessive.**

2. A verdict for $14,000 for death of a man 24 years of age, earning $85 per month, under the circumstances stated in the opinion, is not excessive.

Appeal and Error, 4 C. J. p. 814 n. 63; p. 997 n. 85.
Death, 17 C. J. p. 1350 n. 7.
Evidence, 22 C. J. p. 526 n. 11; p. 633 n. 24; p. 639 n. 27.

See note in L. R. A. 1915F, 30; 8 R. C. L. p. 674; 2 R. C. L. Supp. p. 638; 5 R. C. L. Supp. p. 480.

Action in the district court for Stearns county to recover for the death of plaintiff's intestate. The case was tried before Roeser, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*A. L. Janes, George Hoke* and *Rex H. Kitts,* for appellant.

*Tom Davis, Ernest A. Michel, R. B. Brower* and *James B. Himsl,* for respondent.

WILSON, C. J.

William Noe was employed by defendant. He worked with a crew using an Ohio crane which is a movable derrick mounted on

[1] Reported in 209 N. W. 905.

a flat car on a turntable so that it can be swung in all directions. It was operated by a steam engine located in a cab on the flat car and by its own power the crane rotated and also the flat car was propelled along the track. The cab was apparently at the back of the derrick arm. When the derrick arm was extended at right angles to the car the cab extended some 6 feet beyond the flat car on the opposite side of the car. The crew was using the crane in the east end of the yards at St. Cloud on track No. 14. At noon all the men were to go westerly to a storehouse where they punched their time. Along the north side of track No. 14, eighteen inches from the rail, was a path which had been there 15 months and which was used by the men. The engineer knew this. Work ceased for noon and the engineer started to move the crane along the track to the storehouse. The derrick or boom was pointed to the west. As the crane was being moved westerly Noe was walking in the path beside the car. The engineer while moving the crane without notice caused the boom to be swung to the south and on around toward the rear. This caused the cab or other end of the boom to go out on the north side and move toward the westerly end thereof. It caught Noe, scissors like, as he was walking and crushed him against the car causing his death. Plaintiff was given a verdict for $14,000 and defendant has appealed from an order denying its motion for a new trial.

1. Plaintiff called a witness as an expert in the handling and operation of the crane and over the objection of defendant he was permitted to testify that in his opinion it was not proper to turn the cab on the crane at the time and place in question without giving any notice or warning. It is claimed that this witness failed to qualify as an expert but the competency of an expert is addressed to the sound discretion of the trial court. McDonough v. Cameron, 116 Minn. 480, 134 N. W. 118; Cochran v. Stein, 118 Minn. 323, 136 N. W. 1037, 41 L. R. A. (N. S.) 391; Emerson v. C. B. & Q. R. Co. 120 Minn. 84, 138 N. W. 1026; Graseth v. N. W. Knitting Co. 128 Minn. 245, 150 N. W. 804.

The movements and operation of the crane were perfectly obvious and the jury could well see the danger that Noe was in immediately prior to his death. The question put to the expert was this:

"Q. Now, I will ask you as a railroad man and as an expert whether or not in your opinion it was proper to turn the cab on that crane at the time and place in question without giving any signal of an intention of the engineer to turn the cab?"

In McDonough v. Cameron, supra, it is said in substance that the question whether expert evidence applies to the subject matter is also in the discretion of the trial court. We think however that such evidence should be received only where the subject matter is complicated or its operation difficult and embracing matters either in construction or operation not of common knowledge. When the subject matter of inquiry lies outside the range of common knowledge expert evidence is admissible. Greer v. G. N. Ry. Co. 115 Minn. 213, 132 N. W. 6. When expert testimony is competent the witness is frequently called upon to express an opinion on the very issue to be determined by the jury. Liability in this case rests upon the claim that it was negligence to turn the crane while the car was in motion without giving a signal or warning. This is a simple inquiry easily answered. Noe's position and the manner in which the cab came up behind him, squeezing him to death against the car, present facts and a situation from which the jury were as capable of determining the fact as the witness. The element involved does not embrace anything beyond the intelligence of an average jury and does not partake of or involve anything in the nature of a science necessitating a course of previous study to answer the inquiry. In other words the circumstances and facts were of a character equally within the knowledge and comprehension of a jury as of a witness. In fact this particular inquiry called for an expression of opinion by the witness as to the character and quality of acts which were open to common observation. It did not require one possessing any skill or experience as an engineer in handling cranes or in railroading to express the opinion that a warning should be given, under the circumstances involved, to a person in

the position of Noe. Mantel v. C. M. & St. P. Ry. Co. 33 Minn. 62, 21 N. W. 853; Bergquist v. Chandler Iron Co. 49 Minn. 511, 52 N. W. 136; Freeberg v. St. Paul Plow-Works, 48 Minn. 99, 50 N. W. 1026. We are of the opinion that the trial court erred in receiving the expert testimony. However, the facts were so plain, simple and obvious that we see no chance for the jury to have found any different verdict had the expert testimony not been received and we hold that the error was harmless.

2. Were the damages excessive? Decedent was 24 years of age. He left a wife and a small child. He was earning $85 per month. He had an expectancy of 39.5 years. He was frugal. He had a country school education and worked as a laborer. The damages awarded must be solely by way of compensation for pecuniary loss. The inquiry in such cases always reverts to the probable pecuniary interest of the beneficiaries in the continuance of the life of the decedent. The jury must consider the occupation of the decedent, the income derived therefrom, his health, age, probable duration of life helpfully indicated by mortality tables, habits of industry or frugality, success in life in the past and the amount of aid in money or services which he customarily furnished to the beneficiaries, and the jury may also consider the reasonable probability of such person bettering himself and becoming able to command a larger income. There is no more definite rule of law by which the amount of a verdict in such case may be determined. It must necessarily be left largely to the judgment of the jury and unless their conclusion is so out of line of all reasonable probabilities as to indicate that it is the result of passion or prejudice we should not interfere. This verdict has had the approval of the learned trial court and we find nothing in the record to justify any interference on our part.

Affirmed.