CHRISTIAN PETERSON v. PETE-ERICKSON COMPANY.[1]

July 29, 1932.

No. 28,790.

[1]Reported in 244 N. W. 68.

584

*Rosemeier & Montague* and *Lewis, Hunt & Palmer,* for appellant.
*Luke F. Burns* and *Whipple & Atmore,* for respondent.

STONE, J.

Action by a husband for the wrongful death of his wife. Plaintiff had a verdict for $1,000. Considering it inadequate, he moved for a new trial and prevailed, the motion being granted for error alone. Defendant appeals.

At the time of her death the deceased wife was 55 and plaintiff 45 years of age. Evidence was admitted over the objection of plaintiff tending to show that he was so addicted to the excessive use of intoxicants that his wife had become dissatisfied, "quite unhappy at times," and was contemplating a separation.

A paragraph of the instructions reads as follows:

"As bearing on the probable direct pecuniary benefits to be expected by Mr. Peterson from his wife had she lived, you may con-

sider any evidence bearing upon the domestic relationship or habits of life, industry, and sobriety of either of them, and tending to show whether or not Mrs. Peterson would if she had lived continue to make such financial contribution to him as she had made prior to her death."

The memorandum accompanying the order granting the motion for a new trial states the reason therefor as follows:

"This motion is granted for the reason that evidence was received which the jury was definitely instructed they should consider 'bearing upon the domestic relationship or habits, industry, and sobriety' of both the decedent *and the beneficiary,* and for other errors in the reception of testimony to which objection was made. The motion is not granted on the ground that the evidence does not sustain the verdict."

■ The jury was instructed on the measure of damage as follows:

"The test is: What in view of all the facts and circumstances in evidence was his probable pecuniary interest in the continuance of the life of his wife?"

A specification of error in the motion for new trial challenges that instruction, the point being that plaintiff was thereby denied recovery "for his loss of comfort and companionship of his wife, the decedent." That point is not even suggested by respondent's brief, and under supreme court rule VIII(3, 4), 160 Minn. 602, 603, we do not consider it.

■ On appeal the burden is on the litigant who depends on error to sustain his position to show in the record the error he claims. Ordinarily that burden is on the appellant. State v. Peterson, 167 Minn. 216, 208 N. W. 761; Proctor & Gamble D. Co. Inc. v. Valet D. C. & L. 171 Minn. 113, 213 N. W. 550. But where, as here, a motion for new trial is granted for errors of law alone, one being designated and others indicated only by a general statement such as "other errors in the reception of testimony," the burden is logically on respondent, needing to do so to secure affirmance, to show the error, if any, other than those specifically designated by the

trial court as the basis of the order. Save for the ineffectual attempt dealt with in the first subdivision of this opinion, respondent has not brought to our attention any charge of error other than the ones next considered.

■ The evidence of plaintiff's use of intoxicants does not stand alone, but is coupled with testimony indicating that his wife, moved possibly by plaintiff's overindulgence in drink, was contemplating a separation. That combination of evidence is relevant to the question whether, had the wife lived, she would have continued marital relations with plaintiff, and so had a bearing upon the pecuniary damage resulting from her untimely death. *

The action is under the wrongful death statute. G. S. 1923 (2 Mason, 1927) § 9657. The test is what was the probable pecuniary interest of plaintiff in the continuance of the life of his wife. Hutchins v. St. P. M. & M. Ry. Co. 44 Minn. 5, 46 N. W. 79; Noe v. G. N. Ry. Co. 168 Minn. 259, 209 N. W. 905, and other cases cited 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2617. See also 8 R. C. L. p. 834, § 110. A wife has a legal right to support by her husband. Falk v. C. & N. W. Ry. Co. 133 Minn. 41, 157 N. W. 904. That factor is absent here, for a husband has no reciprocal legal right to support by his wife.

The excessive use of intoxicants by a husband is so frequently the cause of separation that when, to evidence of the habit there is added testimony that because of it the wife, since deceased, was contemplating separation, it cannot be said that evidence of the habit has no bearing on the question whether if the deceased had lived she would have continued financial aid to the husband. That was the question submitted by the one instruction which was considered error. We cannot agree that it was. There was evidence showing some financial contribution by the deceased Mrs. Peterson to the support of the family. The combination of evidence just referred to was relevant to the question as to the probable continuance of such contributions.

■ It is argued for respondent that it was error to admit the testimony of a conversation between a witness, Mrs. Griffin, and

the deceased, wherein the latter referred complainingly to her husband's drinking, indicating that she was considering a possible divorce. The admission of this testimony is complained of as a violation of the hearsay rule, citing Abel v. Northampton Traction Co. 212 Pa. 329, 61 A. 915. That was an action by a wife, and the evidence erroneously admitted was of a conversation between herself and the witness, and indicated that she had contemplated obtaining a divorce. That is not at all this case. A main subject of judicial inquiry was the relationship between plaintiff and his wife. Plaintiff could not sustain his case by extratestimonial declarations in his own favor (as was attempted in Abel v. Northampton Traction Co. 212 Pa. 329, 61 A. 915) whereas his admissions against interest would have been admissible. But declarations of the deceased wife to third parties, tending to show the character of the relation between husband and wife at the time being were competent. They were not objectionable as hearsay, but admissible as part of the res gestae. Lockwood v. Lockwood, 67 Minn. 476, 491, 70 N. W. 784. The "state of affections" between husband and wife was in issue, and relevant thereto were declarations of the wife as to her attitude toward plaintiff and the reason therefor in his conduct. 3 Wigmore, Ev. (2 ed.) § 1730.

We find no error justifying the granting of the motion for a new trial. Hence the order appealed from must be reversed. Appellant's brief so far exceeds in length the requirements of the case that at least statutory costs should be denied.

Order reversed.