McMILLION et al. v. WILKINSON.

No. 12796.

Court of Civil Appeals of Texas. Dallas.

Nov. 4, 1939.

Rehearing Denied Dec. 16, 1939.

232

Carden, Starling, Carden & Hemphill, of Dallas, for appellants.

Touchstone, Wight, Gormley, Strasburger & Price, of Dallas, for appellee.

LOONEY, Justice.

On June 27, 1936, Robert, the five-year-old son of H. E. and Grace McMillion, was struck by an automobile driven by Harry Wilkinson, while the boy was playing with his sisters in a narrow street in the City of Dallas, sustaining injuries from which he died the same day.

This suit was instituted on July 6, 1936, against Wilkinson, to recover damages for the death of the little boy; Grace McMillion, the mother of Robert, having died intestate, Mr. McMillion filed an amended petition in his own behalf and as next friend for Letha Della and Lillie Mae, minor daughters of McMillion and his deceased wife Grace, alleging that the defendant was guilty of actionable negligence in several respects, causing the death of his son, and sought recovery of $25,000 damages, based in part, on the alleged reasonable expectancy of plaintiff that, had the boy lived, he would have continued, after attaining his majority, to contribute substantial sums of money and many valuable services to his father. The jury having acquitted the defendant of negligence, the court rendered judgment in his favor, from which this appeal was prosecuted.

No complaint is here made either of the charge, the verdict of the jury, or the sufficiency of the evidence to sustain same. Plaintiffs urged, en masse, twenty-three assignments of error, and based thereon, in the nature of a general proposition, contend that, the assignments urged are grounded solely on the persistent efforts of defendant's counsel to introduce irrelevant testimony, foreign to the issues, of a character calculated to prejudice the jurors against plaintiffs and their cause and, furthermore that, the argument of defendant's counsel to the jury, was unwarranted and calculated to discredit the testimony of witnesses, adverse to the defendant, upon material issues of negligence; in substance, that the conduct of defendant's counsel complained of renders it reasonably doubtful whether harm to plaintiffs resulted.

The general proposition just stated is divisible, presenting two points; that is, (1) whether the persistent efforts of defendant's counsel to introduce a certain line of evidence was authorized by the pleadings, or, if not, and the same is considered prejudicial in nature, whether, in view of the entire record, there exists a reasonable doubt as to its harmful effect; and (2), whether the argument of counsel, complained of, was warranted, and, if not, whether it affirmatively appears that the same was without harmful effect.

Approaching the discussion, we deem it proper to make a short statement of certain undisputed facts. The record discloses that McMillion and his deceased wife, Grace, had, besides Robert, two little girls, seven and nine years of age, respectively, at the death of Robert; that plaintiff abandoned his wife and two little girls in the fall of 1936, leaving them without means and afterwards contributed nothing toward their support. Plaintiff failed to attend the funeral of his wife and, at the time of the trial, had not seen his little girls for about sixteen months, nor had he contributed anything for their support, but, in the meantime, had married again.

■ As before stated, plaintiff sued for $25,000 damages, part of which was sought on the idea that, had his son Robert lived, after becoming of age, he would have contributed substantial sums of money and rendered many valuable services to his father. It is obvious, we think, that this issue presented a rather latitudinous field for speculation as to the future, permitting the introduction of a variety of facts and circumstances bearing upon the character, disposition, habits, etc., of the parties involved. It is evident, we think, that, the conduct of defendant's counsel, complained of, was an effort to introduce evidence illustrative of the nature, character, habits, disposition, etc., of plaintiff, on the theory that, while a son, after reaching majority, might be willing, if able, to contribute money and render services to a kind and affectionate father, regardful of the welfare of his wife and children, but that, it was improbable that a son would be inclined to render aid to a father who was unkind to his family, and without proper regard for their welfare and interest.

The record discloses that the following transpired: Defendant's counsel attempted to show and did show by plaintiff, that he had theretofore been arrested and placed in jail in Dallas County, but, on objection being made, the court excluded the answer and instructed the jury not to consider the same for any purpose. Counsel also sought to prove the reputation of the house where plaintiff carried his family to reside, and, on objection, this was also excluded and the court instructed the jury not to consider the question for any purpose. Quite a number of questions were asked plaintiff, seeking to show that he had threatened his wife and children and had beaten and wounded his wife, all of which plaintiff denied. It seems that, no objections were made to these questions. Plaintiff was also asked whether he had made an attack upon one of his little girls, as a result of which, a complaint was filed against him, charging incest. Objection was made and sustained, and the jury was instructed not to consider the question. At this point, plaintiff's counsel insisted that the court instruct defendant's counsel to cease asking immaterial and prejudicial questions, which being overruled, counsel for defendant then stated that, he would ask the witness other questions of a similar nature, but was willing to ask them out of the presence of the jury. However, this suggestion was not acted upon by either the court or counsel for plaintiffs, thereupon, plaintiff was asked if he had not made dangerous threats of bodily harm to his wife and children; this was denied, no objection being made to the question, was also asked if he attended his wife's funeral; answered that he did not, the testimony showing that at the time, he was in Johnson County, about fifteen or twenty miles away; was also asked if he did not know that one of his little girls was then under the care of a doctor for a disease, but, on objection, the testimony was excluded. The record also discloses that, after the separation, Mrs. McMillion employed an attorney to file suit for divorce, stating to the attorney that her husband had wounded her.

■ The facts proven and the testimony excluded, as detailed, we think, tended to disprove plaintiff's allegation that, his son "would have contributed substantial sums of money and many services to said plaintiff after he became of age". In determining this issue, the jury was called upon to speculate in regard to the probable future manifestations of affection and generosity by the son towards his father, hence any evidence tending to show the

character of the father, that is, whether kind and affectionate towards his wife and children and regardful of their interest, or otherwise, was admissible. We do not think it can be said that, the persistent effort of counsel to introduce such testimony was more prejudicial in effect than the facts proven and those sought to be proved warranted.

The language of the Supreme Court of Minnesota, in Peterson v. Pete-Erickson Co., 186 Minn. 583, 244 N.W. 68, we think, is in point. The court said: "In an action by a husband for the wrongful death of his wife, evidence of his use of intoxicants, coupled with testimony indicating that the wife, because thereof, was contemplating a separation and possible divorce, is relevant to the question whether, had the wife lived, she would have continued financial contributions to plaintiff. In such a case, testimony of conversations between the deceased wife and a witness wherein the wife complained of her husband's drinking, and indicating that she was considering divorce proceedings against him, are admissible. Such declarations are not objectionable as hearsay, but are part of the res gestæ." One of our Courts of Civil Appeals evidently entertained the same idea, when, in Beaumont Traction Co. v. Dilworth, 94 S.W. 352, at page 356, it said, that, "it was admissible to prove that the deceased was a healthy, sober, and industrious man at the time of his death and that he worked regularly. Such testimony is always relevant in suits brought by children for injuries resulting in the death of their father as tending to show the damages sustained." And again, the court said that, "The testimony of the witness Eliza Sadberry to the effect that the deceased had abandoned plaintiffs some time prior to his death was admissible as evidence upon the quantum of damages sustained by plaintiffs by reason of his death, and it was error to exclude it." We, therefore, overrule plaintiffs' contention that the effort of defendant's counsel to introduce a certain line of evidence was either unwarranted or prejudicial.

█ The remarks of counsel excepted to, in substance, are these: At one point in the argument, defendant's counsel stated that they (plaintiffs) are going to convict him (defendant), because he cannot tell you how many trucks were parked out there in that alley that day; also stated that, it was ridiculous and absurd to convict a man of negligent homicide for not stopping, if there was nothing to stop for; also that, plaintiffs were trying to convict the defendant for negligent homicide, because he was not over on the left hand side of the street and, in this connection, made the argument that, if defendant had been over on the left hand side of the street, plaintiffs would have had something to complain about; and, at another juncture, counsel said that, all the responsibility of this unfortunate accident rests on this poor man's head (referring to the defendant); they (plaintiffs) are as innocent as the driven snow and he as black as midnight. Plaintiffs' counsel having excepted to the remark as characterizing defendant as a poor man, counsel for defendant said: "I didn't say that he was a poor man and I am not talking about him in that sense at all. I am talking about this man, my client that they are trying to put all the blame on and blacken his name and his character and blame him in the county where he lives and make him entirely responsible for this accident and give them a clean bill of health and send him back to his wife mulct us for damages in the meantime." Plaintiffs' counsel having objected to the remarks of defendant's counsel about blackening defendant's name, and being overruled, counsel for defendant proceeded: "I say if you don't blacken a man when he is claiming that he is innocent of blame for this child's death, and they say on the contrary, you are just as guilty as you can be, and it was your negligence that did it, I don't know of any way to blacken a man's name. If that don't blacken him, when you come up here to close this argument, I challenge you to say that it don't."

The above is the substance of the argument excepted to, upon which the assignments of error were predicated. We do not think the remarks were unwarranted. If it can be correctly said that the inferences and deductions were extravagant or far fetched, nevertheless, finding support in the evidence, were within the rule announced in the following cases, holding that similar arguments did not constitute reversible error: Texas & P. Ry. Co. v. Moody, Tex.Civ.App., 169 S.W. 1057; Saenger v. Dallas Ry. & Terminal Co., Tex. Civ.App., 67 S.W.2d 351; Columbus Mut. Life Ins. Co. v. Oldham, Tex.Civ.App., 115 S.W.2d 694.

The verdict, in our opinion, bears every evidence of a meticulous discrimination by the jury, in answering the questions propounded. Several issues were answered in favor of the contention of plaintiffs, although inconclusive in legal effect, yet were consistent, and, in our opinion, indicative of such deliberation, as to forbid the existence of either passion or prejudice. We, therefore, hold that the alleged persistent effort of counsel to introduce a certain line of evidence, was authorized by the pleadings, and that the argument complained of, was warranted by evidence. But, if in error in either conclusion, we are of opinion that, in view of the entire record, it cannot be correctly said that a reasonable doubt exists as to the harmlessness of the matters complained of.

Furthermore, we are of opinion that, a complete answer to the contentions of plaintiffs is found in the answers of the jury that convicted Mrs. Grace McMillion, mother of the little boy, of contributory negligence in permitting him to play, unattended, at or near the scene of the accident.

Reference to the assignments of error heretofore discussed fail to reveal that, the matters therein complained of had any connection with or relation to the negligence, whether or not, of Mrs. McMillion, in the respect mentioned; in fact, the alleged prejudicial attack made by defendant's counsel upon plaintiff, was predicated largely upon his supposed mistreatment and neglect of his wife and little girls; and in effect, was in the nature of a defense of the deceased wife.

We think this finding of contributory negligence alone justified the court below in rendering the judgment appealed from. In the recent case of Gross v. Dallas Ry. & Terminal Co., Tex.Civ.App., 131 S.W.2d 113, 117, we had occasion to pass upon a similar situation, and, in that connection, said: "Errors in admitting or rejecting evidence, become immaterial where the case does not turn on the admitted or excluded evidence or where a decision is based on two or more findings and it is determined that one supports the judgment, there is no necessity to consider other findings or questions pertaining to the admission or exclusion of evidence having no relation to and cannot affect the particular finding that supports the judgment. See 3 Tex.Jur., page 1013, also page 1015 and authorities cited." Application for writ dismissed. Also see Poteet v. W. T. Waggoner Estate, Tex. Civ.App., 96 S.W.2d 405, 408. For reasons stated, the judgment of the court below is affirmed.

Affirmed.