THE CITY OF ABILENE v. GEORGE W. WRIGHT.
No. 140.

1. HIGHWAY— *City Street—Evidence of Dedication.* Evidence that a street through a city of the second class has been generally traveled by the public as a thoroughfare, and has been taken charge of and kept in repair by the municipal officers and recognized as a public street, is sufficient, *prima facie*, to show that such street has been duly laid out and accepted as a public highway, and that the city is liable for its negligence in failing to maintain the same in a reasonably safe condition for public travel.

2. —— *Personal Injury — Damages Recoverable.* In an action to recover damages for a physical injury, sustained by reason

of a defective sidewalk in a city of the second class, the party injured may, under a general allegation of damages, recover all damages which are the natural and necessary results of the injury, such as loss of time, physical pain and suffering, and permanent disability.

3. —————— *Unpaid Medical Attendance.* In such action, the reasonable cost and expense of medical attendance necessarily incurred may be recovered, even though actual payment therefor was not made prior to the commencement of the action.

4. —————— *Instructions and Evidence.* The instructions and evidence examined, and found to disclose no reversible error prejudicial to the substantial rights of the defendant.

MEMORANDUM. — Error from Dickinson district court; JAMES HUMPHREY, judge. Action by George W. Wright against the City of Abilene to recover for personal injuries. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed October 17, 1896, states the material facts.

*C. F. Mead,* for plaintiff in error.

*Stambaugh & Hurd,* for defendant in error.

The opinion of the court was delivered by

CLARK, J.: This is an action brought by George W. Wright to recover damages from the city of Abilene, a city of the second class, for personal injuries sustained by him through the alleged negligence of the defendant. The allegations of negligence and of items of damages sustained by the plaintiff are thus set forth in the petition:

"That for more than five years last past, a certain street, commonly called A street, between Cedar and Mulberry streets, in said city of Abilene, has been a public highway, open and free to all persons to pass and repass at their will at all times; that on or about the 24th day of September, A. D. 1891, said city of Abilene carelessly and negligently permitted the side

walk on the south side of A street, between Cedar and Mulberry streets, within the corporate limits of the city of Abilene, to become broken and out of repair, and in a dangerous condition, and so to remain for a long space of time, to the great danger of persons passing along said street; that said plaintiff, without his fault or negligence, in passing along said street on the 24th day of September, A. D. 1891, unavoidably stepped into a hole in said sidewalk and fell, and thereby the arm of said plaintiff became and was lame, sick and diseased, and still continues lame, sick, and diseased, to the damage of said plaintiff in the sum of $5,000; and said plaintiff further says, that on account of his injuries so received he was prevented from attending to his necessary business, to his damage in the sum of $500, and was put to great expense in and about trying to be healed and cured of said injury, to wit, to the sum of $100; and that said plaintiff has been injured by the negligence of said defendant in the sum of $5,600."

The answer consisted of an admission that the defendant was a city of the second class, and a general denial of all the other allegations of the petition. A trial was had, resulting in a verdict and judgment in favor of the plaintiff for $900. The assignments of error embrace the rulings of the court upon the admission of evidence, the instructions to the jury, and overruling the motion for a new trial.

The court, over the objection of the plaintiff in error, admitted in evidence certain pages of a plat book in the office of the register of deeds covering a strip of land which in the petition is designated as "A" street. No reason was assigned for failing to introduce the original plat, and the copy thereof, as recorded, would indicate that the original plat had not been executed by the owners of the land described therein, although the certificate of the notary public attached thereto recites that the owners and proprie-

tors of the land acknowledged that the plat was true and correct, and that it had been made by the surveyor whose certificate was attached thereto at their request and direction. While we think the court erred in the ruling complained of, we cannot say that the error was so prejudicial as to compel a reversal of the judgment. The evidence outside of this plat shows clearly that this strip of land had been commonly known for many years as "A" street; that it had been recognized as such by the city council and by the public generally; that it was used by the public as a highway and had been in such use for many years; that the street commissioner had repaired the sidewalk where this accident occurred; that the citizens of Abilene had in 1870 petitioned the city council to widen this street, and that at that time it was recognized by that body as a public highway. In *Town of Salida v. McKinna*, 27 Pac. Rep. (Colo.) 810, it was held that evidence that a street through the main business part of a town is a public thoroughfare, generally traveled, and that the municipal officers have voluntarily assumed to keep the same in repair, is sufficient, *prima facie*, to warrant a finding that the street has been duly dedicated and accepted as a public highway. In *Mayor v. Sheffield*, 4 Wall. 189, the court, speaking through Miller, J., said:

"If the authorities of a city or town have treated a place as a public street, taking charge of it and regulating it as they do other streets, and an individual is injured in consequence of the negligent and careless manner in which this is done, the corporation cannot, when it is sued for such injury, throw the party upon an inquiry into the regularity of the proceedings by which the street was originally established."

In *Houfe v. Fulton*, 34 Wis. 608, it was held, that while as a general proposition a town is not liable for

injuries caused by the insufficiency of any road or bridge unless the same is a lawful highway, yet where a road has been opened or a bridge erected by a town or its officers, or where one already created without public authority has been adopted by them by acts clearly indicating their intention that it shall be regarded as a public highway, the town is estopped from denying that it is a lawful highway, in an action for injuries caused by its insufficiency or want of repair. We think this case falls within the rules laid down in these decisions. The parol testimony of the witnesses was sufficient, *prima facie*, to warrant the finding of the jury that the street had been duly dedicated and accepted as a public highway. In fact, as this evidence was uncontradicted, the jury must necessarily have found that the defective sidewalk was upon a public street in the city of Abilene, even had the record, which was erroneously admitted in evidence, been excluded. But for aught that appears before this court the jury may have been instructed to disregard that record, and, were it necessary to so to do in order to sustain the trial court in overruling the motion for a new trial, we would be justified in assuming that the court so instructed the jury.

The jury were instructed that, if they found for the plaintiff, the amount of their verdict should be sufficient to compensate him for the expense of being treated for the injury which he claimed to have sustained, and for any loss of time, physical suffering and permanent injury resulting therefrom. The plaintiff in error contends that Wright could not recover for loss of time, "as the record contains no evidence whatever regarding the value of the time lost." Whether the jury in estimating damages made any allowances for loss of time we cannot say, as they re-

turned no special findings of fact. We think under the evidence he was clearly entitled to recover nominal damages for loss of time.

It was also contended that under the petition the plaintiff was not entitled to recover for physical suffering; that "such suffering means pain, and is a separate and distinct cause for damage over and above mere disability and permanent injury, and . . . it must be declared to exist, and compensation asked therefor in the petition." We think, however, that physical suffering is not only the natural but the necessary result of a fractured and bruised arm, and that therefore the general allegation of damages as set out in the petition was sufficient, as against a general denial, to support an award of damages based upon physical suffering endured by the plaintiff by reason of the negligence of the city. But even if the allegations were not as specific as they should have been in order to entitle the plaintiff to recover for physical suffering, the defendant could not raise that question for the first time by an objection to the giving of certain instructions to the jury.

It is further contended that, as the evidence shows that the bill for medical attendance, which amounted to $35, had not been paid at the time of the trial, the court erred in instructing the jury that the amount of their verdict should be sufficient to compensate the plaintiff for the expenses of being treated for the injury which he claimed to have sustained. We cannot agree with counsel in this contention, nor do we think he is supported by the authorities. In *Varnham v. City of Council Bluffs*, 52 Iowa, 698, which was an action for the recovery of damages for personal injuries, it was shown that the plaintiff had employed a physician on account of such injuries, who had not

been paid, and it was held that evidence was admissible to show the reasonable value of the services rendered by him to the plaintiff; that the law would imply a promise to pay the same; that the plaintiff being under obligation to pay for them, she might recover therefor; that the indulgence she received from her physician would not defeat her claim against the defendant.     See also *Klein v. Thompson*, 19 Ohio St. 569 ; *City of Indianapolis v. Gaston*, 58 Ind. 224 ; *Lunsford v. Walker*, 8 S. Rep. (Ala.) 386 ; *Donnelly v. Hufschmidt*, 79 Cal. 74 ; 2 Sedg. Dam. § 483.

Complaint is also made that the court instructed the jury that

"The gist of the charge or complaint is the negligence of the city ; and to entitle the plaintiff to recover in this case it is necessary to prove : (1) A defect in a sidewalk within the city limits, rendering it unsafe to travel over it; (2) that the defendant city was negligent in permitting such defect to continue without repair; (3) that the plaintiff, in passing over such sidewalk in the night-time, exercised reasonable care and diligence in doing so, notwithstanding which he was thrown down by reason of such defect and received the injuries complained of."

The criticism of counsel upon this instruction is that the jury might be led to infer therefrom that proof that the defective sidewalk was within the city limits would be sufficient to authorize a recovery of damages, regardless of the fact as to whether or not such sidewalk was upon a public street or highway. We are not able to determine whether the entire charge of the court would warrant the inference claimed by counsel, as the record does not purport to contain all the instructions given.     It was held in *Morgan v. Chapple*, 10 Kan. 216, that

"where the error alleged is the giving of an instruc-

tion, it must appear that such instruction is so full and complete and so manifestly wrong that the whole law applicable to the case could not have been correctly presented to the jury without a contradiction of that given before a reversal will be ordered."

Tested by this rule, we cannot say that the court erred in giving the instruction of which complaint is made. If this particular instruction was faulty it may have been so qualified by some other instruction as to appear unobjectionable. For the same reason, we cannot say that the court erred in refusing to give the instructions requested by the plaintiff in error. (*Winston v. Burnell*, 44 Kan. 367 ; *Bard v. Elston*, 31 id. 274 ; *Davis v. McCarthy*, 52 id. 116 ; *Pac. Rld. Co. v. Brown*, 14 id. 469 ; *Ferguson v. Graves*, 12 id. 39 ; *The State v. O'Laughlin*, 29 id. 20–24.)

Plaintiff in error further contends that the verdict for $900 was excessive, and that therefore the court erred in refusing to set it aside and grant a new trial. The trial was had nearly one year after the injury, and there is some evidence tending to show that even at that time the plaintiff had not fully recovered the use of his arm. From a careful examination of the evidence, we cannot say that the damages allowed are so excessive that they appear to have been given by the jury under the influence of passion or prejudice, and that therefore the defendant is entitled to a new trial, under section 306 of the code.

It follows from what has been said that the judgment must be affirmed.

All the Judges concurring.