THE CITY OF HUTCHINSON v. MARY E. VAN CLEVE.
### No. 366.

1. EVIDENCE—*Injury by Defective Sidewalk*—*No Error.* The incompetent testimony set forth: *Held*, That the refusal of the trial court to strike it out, all the testimony of the witness considered, is not such error as to require a reversal of the case.

2. ———— *Expense for Medical Service*—*Implied Promise to Pay.* The actual, reasonable and necessary expense incurred for medical services is a proper item of damage, in a suit against a city to recover for personal injury. The law implies a promise to pay the same and it may be recovered, even though actual payment thereof was not made prior to the commencement of the action.

3. ———— *Sufficient*— *Demurrer Properly Overruled.* The record examined; the petition states a cause of action. There is some competent testimony tending to prove the essential facts necessary to a recovery under the petition. *Held*, That the overruling of the demurrer to plaintiff's evidence was not error.

4. ACTION AGAINST CITY—*Presentment of Claim*— *Costs.* Where a person presents a claim to a city for damages resulting from its negligence, for $250, and no action is taken by the city council, and afterwards suit is commenced to recover $10,000 by the same person for the same items of damage included in the bill, *held*, that it is no violation of section 67, chapter 37, General Statutes of 1897, for the trial court to render judgment against the city for costs.

Error from Reno district court; F. L. MARTIN, judge; Opinion filed July 13, 1898. Affirmed.

*Prigg & Williams*, for plaintiff in error.

*Peters & Nicholson*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: The defendant in error commenced this action in the district court of Reno county against the city of Hutchinson to recover damages for personal injuries alleged to have been sustained by reason of a defective sidewalk, and

City of Hutchinson v. Van Cleve.

charging the city with negligence. The defendant city answered by general denial and alleged contributory negligence.

This case was tried to a jury, resulting in a verdict and judgment for defendant in error for the sum of $1000, with six per cent. interest from the date of judgment, and for the further sum of $105.95 costs. A motion for a new trial was filed and overruled. The defendant brings the case here for review.

It is contended that the court erred in overruling defendant's objection to a question and in refusing to strike out the answer thereto. The defendant in error, after relating the manner in which the injury was received, and stating that she had gone to the house of her brother-in-law immediately after the accident, testified as follows :

" Ques. What did you do after you reached your brother-in-law's, Mr. Wilkins'? Ans. I immediately went to treat my limb.

" Q. When you examined it what did you discover ? A. It was bruised, black, and very painful. I used camphor and hot water immediately.

" Q. How long did you remain at your brother-in-law's ? A. Until I took the eight o'clock train that night ?

" Q. Had you intended to leave that day ? A. I came to spend a few days."

Then comes the question objected to :

." Ques. Why did n't you remain. Ans. Because I knew if I stopped long my limb would be in such condition I would be confined to my bed, and I wanted to get home to my family."

This answer should have been stricken out, as it is a conclusion, but the refusal of the trial court to do so, all the evidence considered, is not such error as to require a reversal of this case.

It is further contended that the refusal of the trial court to strike out the evidence of plaintiff as to "doctor bills" was error, for the reason that the bills were not paid by plaintiff. The actual, reasonable and necessary expense incurred for medical services is a proper item for damages, and the law implies a promise to pay the same. In the case of *City of Abilene v. Wright*, 4 Kan. App. 708, the court said :

"In such action, the reasonable costs and expense of medical attendance necessarily incurred may be recovered, even though actual payment therefor was not made prior to the commencement of the action."

Plaintiff insists that the trial court erred in overruling the demurrer to the evidence ; that there was absolutely no evidence to show that the city did not exercise care and diligence. We cannot agree with counsel in this contention. We have examined the record ; the petition states a cause of action, and there is competent testimony, though slight, tending to prove the essential facts necessary to a recovery.

In the case of *Jansen v. City of Atchison*, 16 Kan. 358, our supreme court said :

"Where the court sustains a demurrer to the evidence, this ruling will be reversed when it appears that the petition states facts sufficient to constitute a cause of action, and there is testimony tending fairly to establish every essential fact thereof ; and this notwithstanding a preponderance of the evidence appears to be with the ruling of the court."

It is also urged that the trial judge erred in rendering judgment for costs against the city, for the reason that no bill, truly verified, was presented to the city council for allowance before the commencement of the action. The evidence fairly tends to prove that before the commencement of the action a bill was presented to the council for $250. What action the

City of Hutchinson v. Van Cleve.

council took does not appear. Afterwards this suit was commenced for $10,000. This question appears to have been presented to the supreme court, and in the case of *City of Wyandotte v. White*, 13 Kan. 191, the court says :

" Plaintiff in error claims that no judgment for costs should have been rendered against the city, because no bill, duly verified, had been presented to the city council for allowance before suit was brought. The petition alleges, and in answer to one of the defendant's questions the jury find, that such bill was presented. It is true the bill presented was for only $600, while the amount sued for was $10,000, and the verdict and judgment for $1200. But if the city council failed to allow the amount claimed in the bill presented, we know of nothing to prevent the claimant suing for and recovering all the damages sustained."

We have examined the errors complained of and not referred to in this opinion, and are satisfied that the case was fairly submitted upon the law and the evidence. While the evidence was slight upon the question of notice to the city, it was sufficient to send the case to the jury. Their verdict having been approved, the judgment will not be disturbed.

The judgment of the district court is affirmed.