SARAH C. WITTE, Administratrix, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 5 April, 1916.)

1. **Railroads—Negligence—Escaping Steam—Runaway Horses — Intervening Cause—Proximate Cause—Trials—Evidence—Question for Jury.**

   Evidence that the engineer on the locomotive of defendant railroad company carelessly and recklessly let off steam from the engine under

a team of horses used in handling freight at its depot, and, seeing the horses frightened, did not desist, and that his conduct caused them to run away and kill the plaintiff's intestate, is sufficient upon the issue of the defendant's actionable negligence to take the case to the jury; and in this case it is held that the question of the intestate's negligence to have ventured there, being deaf, and the intervening negligence of the owner of the team in not providing a proper harness, together with the question of proximate cause, was correctly submitted to the determination of the jury.

**2. Measure of Damages — Wrongful Death — Earning Capacity — Successful Business—Evidence.**

   In an action for damages for the negligent killing of the intestate by a railroad company, it is competent to show, upon the issue of the measure of damages, that the intestate had built up a successful business from a small start; and where the daughter of the intestate has testified thereto from her own knowledge, her testimony, on cross-examination, is not rendered incompetent by her giving, as sources of her knowledge, information she had obtained by conversations with her father and mother, and entries made on his bank book.

APPEAL by defendant from *Daniels, J.*, at December Term, 1915, of NEW HANOVER.

*E. K. Bryan* for plaintiff.
*Davis & Davis* for defendant A. C. L. Railroad Co.
*Herbert McClammy* for defendant Schloss-Bear-Davis Co.

CLARK, C. J. This is an action for the wrongful killing of plaintiff's intestate, who was very deaf. He was a wholesale fruit merchant in Wilmington, and frequently went to the warehouse of the railroad company, whose agents and employees had knowledge of his defective hearing.

The negligence alleged on the part of the railroad company was that the engineer operating a switch engine ejected steam under a team of horses backed up to the railroad warehouse when about 7 feet from the engine. When the engineer turned the steam from the steam chest under the horses they became frightened and ran away, running over the plaintiff's intestate. There was evidence that the engineer could have seen the horses long before his engine got to them, as the tracks were perfectly clear, and there was nothing to obstruct his view of the horses, and, further, that after the horses showed signs of fright the engineer made no attempt to cut off the steam. The horses and wagon belonged to the other defendant, Schloss-Bear-Davis Company.

The jury found upon the issues that the defendant railroad company was guilty of negligence; that its codefendant, the owner of the team or their driver, was not guilty of negligence, and that the plaintiff was not guilty of contributory negligence, and assessed the damages. The defendant railroad company appealed.

This case was before us at Spring Term, 1914, *Witte v. R. R.,* 168 N. C., 566, where the facts are fully stated.

On this trial there are many exceptions, but we do not find it necessary to discuss them. The result depended almost entirely upon the findings of fact which the jury have made after full discussion by counsel and a clear charge by the court upon the law.

The defendant, of course, had the right to operate its trains according to its best judgment, but this must be done subordinate to the rule that their trains shall be operated with due regard to the rights of the public and without such negligence as to injure others. The railroad company is not liable if teams become frightened at the usual noises incident to the movement of trains, but it is otherwise if the steam is let off carelessly or recklessly, as is alleged in this case, under a restive team, which, as the jury found under the charge, frightened them, and the engineer, seeing this, did not desist.

In *Brendle v. R. R.,* 125 N. C., 474, the railroad company was held liable where the engineer on a passing train wantonly blew his whistle, frightening horses near the track, causing them to run away, injuring the driver. To the same effect, *Everett v. Receivers,* 121 N. C., 519; affirmed on rehearing, 122 N. C., 1010. In the present case the team and horses were on the premises of the defendant, by its invitation, to receive freight, and the plaintiff was also there on business with the railroad company.

The jury have found that the negligence of the defendant's engineer was the proximate cause of the injury. There was conflicting evidence, doubtless strongly presented to the jury, that notwithstanding it should be found that the action of the engineer in recklessly blowing off steam caused the horses to run away, this would not have caused the injury but for the intervening negligence of the codefendant in having defective harness, and especially a defective bit, which broke and made the team unmanageable, and, further, that the plaintiff's intestate, a deaf man, was guilty of contributory negligence in being on the premises and in the pathway of the runaway team. These were matters for the jury, and they have found both contentions against the appellant.

The defendant further contends that there was error in submitting to the jury the evidence of the plaintiff as throwing some light upon the issue of damages that her intestate started in business with about $702 and when his estate was wound up it was worth $2,500, showing a net profit of $1,800 in two years. The witness testified these matters of her own knowledge. This evidence was not made incompetent from the fact that on cross-examination she gave as the sources of her knowledge conversations with her father and mother and the entry in the bank book of the deposit of said amount of $702 when her father began busi-

ness. That the business was profitable under her father's management was competent evidence, tending to show the value of his life. It would have been difficult for her to learn these facts except from such sources as she mentioned—the statements of her father while carrying on the business and the entries in the bank book. These matters were not put in evidence by her, but were brought out on cross-examination as testing her means of knowledge.

Upon the whole case we do not find that the defendant has been prejudiced.

No error.