[Civ. No. 4663. First Appellate District, Division One.—February 26, 1925.]

## BERTHA BELLE TOLLEY et al., Appellants, v. M. V. ENGERT et al., Respondents.

[1] NEGLIGENCE—DEATH OF PARENT—DAMAGES—INSTRUCTIONS.—In an action for damages for the death of a married man, where the evidence showed that the household consisted of the deceased, his wife, and two of three adult daughters, all of whom were comfortably maintained by the deceased in the family home without charge or cost, and that both daughters were employed and capable of maintaining themselves, while the third was a married woman and not a member of deceased's household, and that the deceased was a kindly husband and father, of the home-loving type, about fifty-two years of age, in good health, and earning from several responsible and permanent employments ap-

1. See 8 R. C. L. 831, 833; 8 Cal. Jur. 1013.

proximately two hundred dollars per month, the trial court erred in eliminating the children in an instruction that "the only plaintiff that you will consider in this case is the wife; there is no evidence before the court to show that the three children were dependent on the father at all, so you will not consider any evidence as to them, as to whether or not they are entitled to anything—that you will not consider for any purpose."

(1) 17 **C. J.**, p. 1212, n. 11.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

Franklin Swart and John H. Machado for Appellants.

J. E. McCurdy, Theodore Hale, Barry J. Colding and B. P. Gibbs for Respondents.

CABANISS, P. J., *pro tem.*—This appeal from an order denying appellant's motion for a new trial as to both respondents is one of two taken in the same action, the other appeal by defendant, Pickwick Stage Company, having been this day determined (*Tolley* v. *Engert, ante*, p. 439). For the reasons stated in that opinion the cause should be remanded for a new trial—that is to say (and this we add to avoid misunderstanding), as to both defendants in view of the form of the verdict returned in the case.

[1] Appellants complain that several instructions were erroneously given to their prejudice, and others properly requested by them, refused. We think these criticisms untenable except as to one instruction later herein to be noted. The plaintiffs sued in the capacity of widow, Bertha Belle Tolley, and daughters and sole surviving heirs of Walter Ennor Tolley. The evidence having to do with the earning capacity and family relation existing at the time of his death between decedent and plaintiffs is to the effect that he was then fifty-two years of age, in good health, and earning-from several responsible and permanent employments approximately two hundred dollars per month; that the household consisted of said Tolley, the wife, and two of the three adult daughters, Elsie and Alice Tolley, all of whom were com-

fortably maintained by the father in the family home without charge or cost, though both daughters were employed and capable of maintaining themselves; that the third daughter was a married woman and not a member of her father's household; and it is gatherable from the record that the decedent was a kindly husband and father, of the home-loving type. Appellant contends that the court erred in giving the following instruction: "The only plaintiff that you will consider in this case is the wife; there is no evidence before the court to show that the three children were dependent on the father at all, so you will not consider any evidence as to them, as to whether or not they are entitled to anything—that you will not consider for any purpose." In thus eliminating the children the court erred. In support of this statement it is sufficient to cite *Redfield* v. *Oakland,* 110 Cal. 277 [42 Pac. 822, 825], and to quote therefrom, pages 288, 289, the following: "It is contended, however, that no special or any circumstances were shown which would cause the children to depend upon their mother after they arrived at majority, or that after that time they would suffer loss from her death. It is true that the only evidence which tended to show an injury to the children resulting from the loss of the mother was her care and labor bestowed upon them, her education, her character, her ability to train and guide them and efforts for their welfare; and, in applying such testimony, the jurors were authorized to draw such conclusions therefrom as their intelligence, experience, and observation should justify.

"Nor are we prepared to say that her intelligence, care and assistance would be less valuable to them at the critical period of their lives when they are about to enter, or have entered, upon a more or less distinct and separate life after attaining their majority. Besides, the statute does not limit the right to prosecute the action or to recover damages, to minor children or minor heirs." This language applies to the instant case notwithstanding that the deceased parent in the Redfield case was the mother, as the training and guidance of his daughters by a devoted father does not differ in kind, though it may in degree, from that of a good, dutiful mother.

It is ordered that judgment be reversed and the cause remanded for new trial.

Knight, J., and St. Sure, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 27, 1925.

All the Justices concurred except Lennon, J., who dissented.