(No. 5342.  February 25, 1930.)

VIOLA WYLAND, ELMER E. WYLAND, EDITH F. WYLAND, BEULAH B. WYLAND, an Infant, by VIOLA WYLAND, Her Guardian ad Litem, IDA WYLAND, an Infant, by VIOLA WYLAND, Her Guardian ad Litem, FLOSSIE F. WYLAND, an Infant, by VIOLA WYLAND, Her Guardian ad Litem, Respondents, v. TWIN FALLS CANAL COMPANY, a Corporation, Appellant.

[285 Pac. 676.]

Bothwell & Chapman, for Appellant.

Turner K. Hackman, for Respondents.

GIVENS, C. J.—While walking on a public highway in the city of Twin Falls Oscar S. Wyland was run down and injured by a Ford truck driven by an employee of defendant, from which injuries he later died. Alleging negligence, plaintiffs instituted this action under C. S., sec. 6644, and obtained a judgment awarding them $5,000. Defendant contends that the evidence does not support the verdict; that defendant or its agents were not shown to be negligent, and that contributory negligence, as a matter of law, should be imputed to the deceased Wyland.

The accident occurred on 6th Avenue West in Twin Falls. This avenue is in one of the outlying districts of the city in a sparsely settled neighborhood. The entire right of way is 80 feet wide but at the time of the accident the traveled portion was only 16 or 18 feet wide. The rest of the highway was covered with weeds. There were no sidewalks along the street where the accident occurred.

Defendant's truck, driven by one Riles, was proceeding north on this street at a speed of 15 or 20 miles an hour. According to Riles' testimony, as he approached the intersection of 6th Avenue West and 3rd Street West, he looked ahead and saw no pedestrians. He then looked to the right and left on 3rd Street West—the street he was about to cross—and did not again look ahead until he had traveled about 60 feet beyond the intersection when he suddenly became aware of the presence of a pedestrian immediately in front of him, about six feet away. Wyland was struck in the back by the right fender of the car, which knocked him to the ground in such a way that the right wheels passed over his body. He was found lying in the traveled portion of the highway, about three feet from its edge. He received, among other injuries, severe injuries to his head from which he died several weeks later.

The tracks of the truck indicated that it had skidded somewhat after hitting Wyland and turned slightly to the left. It had been brought to a stop in the middle of the highway about 25 feet from where Wyland had been struck.

There were no other near eye-witnesses of the accident and we do not, of course, have Wyland's version. The only testimony in the record bearing on his actions prior to the accident was given by one Nuzman, who was standing, at the time, over a block away. He testified that he saw Wyland diagonally crossing a vacant lot at the corner of 6th Avenue West and 3rd Street West, and proceeding into that portion of the right of way of 6th Avenue West covered by weeds. He was last observed by Nuzman walking through the weeds about fifteen feet from the edge of the traveled portion of the highway.

The evidence does not show very clearly whether Wyland was crossing the highway or proceeding along it laterally. There was, however, testimony that on account of the absence of sidewalks pedestrians were in the habit of walking along the edge of the street.

No objections are made or exceptions taken to the instructions given by the trial court covering negligence, contributory negligence, proximate cause and the doctrine of the last clear chance, or to the instruction that if the unfortunate occurrence was a mere accident, defendant would not be liable.

The points urged in this appeal concern, therefore, only the evidence or lack of evidence and the conclusions to be drawn therefrom. A motion for a nonsuit by the defendant, which was renewed at the conclusion of defendant's testimony, properly raises these points. (*Blackfoot City Bank v. Clements*, 39 Ida. 194, 226 Pac. 1079; *Barrow v. B. R. Lewis Lumber Co.*, 14 Ida. 698, 95 Pac. 682; *Shields v. Johnson*, 12 Ida. 329, 85 Pac. 972.)

A plaintiff should not be nonsuited unless it appears that the evidence in his behalf, upon the most favorable construction the jury would be at liberty to give it, would not warrant a verdict for him. (*Black v. Lewiston*, 2 Ida. 276, 13 Pac. 80; *Lowary v. Tuttle*, 36 Ida. 363, 210 Pac. 1006; *Tipsword v. Potter*, 31 Ida. 509, 6 A. L. R. 527, 174 Pac. 133.)

Defendant cites numerous cases bearing upon the questions of whether its servant Riles was negligent and whether Wyland was guilty of contributory negligence.

The facts in each case must be considered and we believe the facts in this case bring the consideration to be given the evidence within the rule laid down in *Hooker v. Schuler*, 45 Ida. 83, 260 Pac. 1027, that the various questions urged were for the jury. There was sufficient evidence to sustain the verdict that defendant was negligently responsible for Wyland's death, and therefore liable in damages.

Error is assigned because the court instructed the jury that in awarding damages it was proper to consider

medical and funeral expenses. To constitute an element of damages in an action for the death of a person it is sufficient if it appears that plaintiffs are obligated for medical and funeral expenses. (*Jutila v. Frye*, 8 Fed. (2d) 608; *Western Gas Construction Co. v. Danner*, 97 Fed. 882, 38 C. C. A. 528; *Donnelly v. Hufschmidt*, 79 Cal. 74, 21 Pac. 546; *Abilene v. Wright*, 4 Kan. App. 708, 46 Pac. 715; *Fisk v. Poplin*, 46 Cal. App. 587, 189 Pac. 722; 17 C. J. 803.) Actual payment, prior to bringing the action, is not necessary.

█ Error is also assigned because of an instruction that the jury might consider as an element of damage the value of decedent's services in "the superintendence and attention to and care of his family and the education of his children." In the same instruction the jury was told that damages should be assessed "with reference to the pecuniary loss sustained by the wife and children of the deceased."

Actions for wrongful death and the recovery of damages are governed by C. S., secs. 6643 and 6644. The California courts in construing an identical statute have on numerous occasions held that while damages may not be allowed for mental suffering or as a *solatium* for wounded feelings caused by the death of the deceased, they may be allowed for loss of "companionship," "protection," "bodily care," "intellectual culture" or "moral training," providing it sufficiently appears that pecuniary damages resulted from such loss. (*Beeson v. Green Mountain Co.*, 57 Cal. 20; *Ruppel v. United Railroads*, 1 Cal. App. 666, 82 Pac. 1073; *Dickinson v. Southern Pac. Co.*, 172 Cal. 727, 158 Pac. 183; *Parsons v. Easton*, 184 Cal. 764, 195 Pac. 419; *Griffey v. Pacific Elec. Ry. Co.*, 58 Cal. App. 509, 209 Pac. 45; *Tolley v. Engert*, 71 Cal. App. 442, 235 Pac. 652. See, also, *Burbidge v. Utah Light etc. Co.*, 57 Utah, 566, 196 Pac. 556; *Marshall & E. T. Ry. Co. v. Riden*, (Tex. Civ. App.) 194 S. W. 1163; *St. Louis Ry. Co. v. Anderson*, (Tex. Civ. App.) 206 S. W. 696; *The Erie Lighter 108*, 250 Fed. 490.)

The California courts seem to have been influenced by

decisions in other states and in England, construing statutes somewhat different from the California statute, in holding that recovery may only be had for "pecuniary damages." C. S., sec. 6644, allows recovery for "such damages" as may "under all the circumstances of the case be just." It is, however, unnecessary to determine whether under our statute recovery is limited to "pecuniary damages." (See *Kelly v. Lemhi Irr. etc. Co.*, 30 Ida. 778, 168 Pac. 1076; *Anderson v. Great Northern Ry. Co.*, 15 Ida. 513, 99 Pac. 91.) It is sufficient to note that the jury was so instructed and that the amount of the damages awarded indicates that the jury did not place an excessive pecuniary value on the loss of companionship, etc.

Error is also assigned because the court refused to strike the testimony of E. E. Wyland, son of the deceased, concerning his father's yearly earnings. Cross-examination did not establish that the son's knowledge or his conclusions were altogether based on hearsay. Therefore, the motion was too broad and was properly denied. (*Idaho Farm Co. v. Brackett*, 44 Ida. 272, 257 Pac. 35; *Snook v. Olinger*, 36 Ida. 423, 211 Pac. 559. See, also, *Witte v. Atlantic Coast Line R. Co.*, 171 N. C. 309, 88 S. E. 435.)

The judgment is affirmed. Costs awarded to respondents.

Budge, T. Bailey Lee, Varian and McNaughton, JJ., concur.