**WORKMEN'S COMPENSATION EXCHANGE et al. v. CHICAGO, M., ST. P. & P. R. CO.**

No. 1143.

District Court, D. Idaho, N. D.

Dec. 17, 1930.

Ralph S. Nelson and E. R. Whitla, both of Coeur d'Alene, Idaho, for plaintiffs.

F. M. Dudley, I. B. Crawford, and A. J. Laughon, all of Seattle, Wash., and Wm. D. Keeton, of St. Maries, Idaho, for defendant.

CAVANAH, District Judge.

Mike Honig, an employee of the Edward Rutledge Timber Company, was killed July 12, 1929, while in the course of his employment caused by a collision between a truck driven by him and a passenger train operated by the defendant at a crossing near the plant of the Blackwell Lumber Company. On November 15, 1929, Mable Honig, wife of deceased, for herself and as guardian of the estate of Dorothy Doris Honig, a minor child of deceased, and plaintiff Florence Honig Galster, as guardian of the estate of Marjorie Honig and Christine Alice Honig, also minor children of the deceased, filed claims for compensation with the Industrial Accident Board of the state against the timber company and the Workmen's Compensation Exchange, which resulted in the allowance of an award against the plaintiffs timber company and exchange for the sum of $8,189.39. Plaintiff exchange, under the laws of the state, had executed a policy of workmen's compensation insurance for the plaintiff timber company, and is paying the award to the beneficiaries. In the investigation of the claims, and prosecution of this action, the exchange asserts that it will incur as expenses and costs, the sum of $3,200.

The chief contentions urged by defendant on its demurrer and motion to strike, and in its brief, are that no right of action exists in favor of any of the plaintiffs against it, and if so there is a misjoinder of parties plaintiff as the only proper party plaintiff is the employer timber company, and further in any event the amount of $3,200 claimed for costs and expenses, incurred by the plaintiff Exchange, cannot be recovered under section 6220 of the Compiled Statutes of Idaho. In the consideration of these questions we are confronted with certain provisions of the Workmen's Compensation Act of the state, wherein the state has abolished all civil actions and civil causes of action for personal injuries, except as therein provided, as the Legislature has said, by section 6214, C. S., that, "The state of Idaho, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as is otherwise provided in this chapter, and to that end all civil actions and civil causes of action for such personal injuries, and all jurisdiction of the courts of the state over such causes are hereby abolished, except as is in this chapter provided." And by section 6219, C. S., that, "the rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this chapter shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury." It would seem clear from the provisions of the statutes quoted that their purpose was to withdraw from private controversy all rights and remedies, either at common law or otherwise, and to insure a remedy and certain relief for injured workmen and their families to the exclusion of all other remedies, and whenever injuries are received by a workman, and he and his dependents accept the benefits of the award made under the statute, they are precluded from asserting any claim or instituting any action against the employer who pays or becomes obligated to pay such an award under the statute. But they are not, by the statute, in case of a third person causing an injury, precluded from electing to either claim compensation under the statute or to proceed at law against such third person to recover damages.

Pursuing then the further contention that there is a misjoinder of parties plaintiff, we find that section 6220, C. S., treats of the liability of third persons and creates a right of action in favor of an employer, who, having paid compensation or having become liable therefor, may be subrogated to the rights of the injured employee to recover against such third person, and in case of a recovery by the employer from such third person, damages in excess of the compensation awarded to be paid shall be paid to the injured em-

ployee, less the employer's expenses and costs of action. The section provides:

"When an injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this chapter or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this chapter any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person: Provided, If the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this chapter, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action."

■ This section only relates to the choice of either of two courses that the injured party can pursue, as it provides for either a claim for compensation under the statute or an action at law against the third person to recover damages at the option of the injured employee. The beneficiaries having exercised the option for compensation, it would seem from what has been said that they have elected to pursue such a course, which excludes all other rights and remedies under section 6219, C. S., on account of such injury. In the case of Tandsetter v. Oscarson, 56 N. D. 392, 217 N. W. 660, 662, the Supreme Court of North Dakota held that the remedies provided in the statute were exclusive of every other remedy, and the widow of the deceased having accepted and received compensation under the act for the death of her husband killed by a party other than the employer, she was not a proper party to the action brought under the subrogation feature of the statute against such third party; and it is suggested in the opinion that a review of the decisions of the courts is of little value "as no two statutes are exactly alike." And, furthermore, the section is one that subrogates the employer to the rights of the injured employee to recover against the third person and not of the employer the rights of action of the dependents or personal representatives of the injured employee, and applies only in cases where the injured employee exercised the option with respect to compensation.

■ In construing the Workmen's Compensation Act (C. S. Idaho § 6213 et seq.),

the cardinal rule is to ascertain the intent of the Legislature as it is expressed in the words of the statute, and for this purpose the act must be considered as a whole. So when we read together sections 6219 and 6220, C. S., it is made clear that all actions at common law or otherwise on account of an injury have been abolished, unless the injured person or his dependents or personal representatives elect in case the injury was caused by the negligence of a third person to proceed against such third person to recover damages, but when the option given by the statute has been exercised for compensation, by either the injured person or his dependents or personal representatives, they have exhausted their remedy provided for by the statute, and cannot thereafter proceed against a third person.

■ Reaching then the conclusion that under the facts recited in the complaint the only right of action to recover damages created by section 6220, C. S., against the defendant, is one in favor of the plaintiff timber company, the contention that there is a misjoinder of parties plaintiff must be sustained.

■ In this connection, however, in respect to the right of the exchange, the insurer, to join with the employer timber company where it has obligated itself to pay the award, it would seem to have that right under the recognized rule granting to insurers the right of subrogation by operation of law to sue the one who has caused the damage or loss which it has paid or is paying. Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 129 U. S. 397, 9 S. Ct. 469, 32 L. Ed. 788; Sea Ins. Co. of Liverpool et al. v. Vicksburg S. & P. Ry. Co. (C. C. A.) 159 F. 676, 17 L. R. A. (N. S.) 925; Southern Ry. Co. v. Blunt & Ward (C. C.) 165 F. 258; 26 C. J. 435.

■ As to the contention that the insurer exchange cannot recover the sum of $3,200 incurred by it as expense and costs in making investigation and prosecution of the action, section 6220, C. S., expressly allows such expense and costs to an employer in the event a recovery is had in excess of the compensation awarded or paid, and that being the case, under the general principle that the insurer has a right of subrogation by operation of law, where it pays the loss or damage, it would have all the rights to which the insured is entitled under the statute, and therefore that ground of the demurrer will be overruled and the motion to strike denied.

■ A further question presented by the demurrer, that the plaintiffs Mable L. Honig

and Florence Honig Galster, as guardians of the estates of the minor children of the deceased, have no legal capacity to sue, it is sufficient to say that were it not for the conclusion reached that there is a misjoinder of parties plaintiff for the reason stated, and the action was brought by them as such guardians without exercising the option for compensation, then sections 6644 and 7861, C. S., would grant to them the right as guardians to maintain the action. While attention has not been called to an interpretation of these provisions of the statute by the Supreme Court of the state, yet guardians have brought such actions for minor children who were heirs of the deceased and no objection made in the cases of Short et al. v. Boise Valley Traction Co. et al., 38 Idaho 593, 225 P. 398; Sprouse et al. v. Magee, 46 Idaho, 622, 269 P. 993; Wyland et al. v. Twin Falls Canal Co., 48 Idaho, 789, 285 P. 676; 17 C. J. 1268; 28 C. J. 1247.

The thought suggested by the demurrer, but not insisted upon at the argument or in the briefs, that another action, still unsettled, is pending between the plaintiffs and others than the exchange and the timber company as plaintiffs and the exchange and the timber company as defendants, is without merit from a reading of the complaint, as such fact does not appear. The demurrer will be sustained for the reason stated, and the motion to strike denied.